BARBARA MILLER *vs.* BOSTON & NORTHERN STREET RAILWAY COMPANY.

Middlesex.   December 10, 1907. — February 28, 1908.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & RUGG, JJ.

*Negligence,* Of street railway in disposal of snow, Imputed.   *Street Railway.*

At the trial of an action of tort against a street railway company to recover for injuries received by the plaintiff, while she was riding in a sleigh driven by another person, because the horse ran away owing to the fact that, when the sleigh was being driven between the street railway tracks, one of its runners became caught in a switch, there was evidence tending to show that, at the time of the accident, because of the way in which snow was thrown by the defendant from its tracks into the roadway at the sides of the tracks, driving and passing in the roadway were very difficult and the tracks instead of the roadway were being used by travellers upon the highway with vehicles, that, after the sleigh became caught in the switch, two of the occupants other than the plaintiff sought to loosen it, the horse became restless because of their efforts and ran away, and the plaintiff was thrown out and injured.   There also was evidence tending to show that there had been snow storms of unusual frequency and severity and cold weather very nearly continuously.   *Held,* that there was evidence from which the jury would be warranted in finding that the accident happened by reason of negligence of the defendant, and that the plaintiff's injuries resulted therefrom.

At the trial of an action of tort for injuries caused to the plaintiff, a young woman, because of negligence of the defendant which caused a horse, which was drawing a sleigh in which the plaintiff was, to run away, there was evidence tending to show that the driver of the sleigh was negligent, and a material question was, whether his negligence, if any, would bar the plaintiff from recovering.   The defendant requested the presiding judge to rule that, if the jury should find that the plaintiff entrusted the care and management of the horse and sleigh to the driver and relied solely upon him for safety, then, in order to recover, she must show that the driver was, at the time of the accident, exercising due care in the

management of the horse and sleigh. The ruling was refused and the judge charged the jury that, if the plaintiff had authority or control over the driver, and negligence on his part contributed to her injury, or if, by reason of a condition of things which she observed, she was under a duty to warn him or had reason to suppose a want of care or skill on his part, and did not warn him and such failure to warn contributed to cause the accident, then she could not recover; but that, if she had no authority or control over him, if there was no duty to warn him, and if she had no reason to suppose any want of care or skill on his part, then, if the defendant's negligence caused the injury, she could recover notwithstanding the fact that negligence of the driver contributed to cause it. *Held,* that the ruling requested was refused rightly and that the charge given was correct and sufficient.

TORT for personal injuries received by the plaintiff because the horse, which was drawing a sleigh in which she was, ran away owing to the fact that the sleigh stuck in a switch when it was being driven between the tracks of the defendant on account of a condition of the roadway alleged to have been bad because of negligent acts of the defendant in shovelling snow from its tracks. Writ in the Superior Court for the county of Middlesex dated March 14, 1905.

Other actions were brought against the same defendant by Edwin C. Miller, who owned the horse and sleigh and was the plaintiff's father, and by Henry F. Miller, 2d, a companion of the plaintiff in the sleigh, and all three actions were tried together before *Aiken*, C. J.

It appeared that the sleigh was a two seated vehicle. The plaintiff and one Kershaw were on the back seat, and one Helen Stark and two young men, one Burton R. Miller, the plaintiff's cousin, who was driving, and Henry F. Miller, 2d, were on the front seat. Burton R. Miller testified that he had been used to driving horses from his boyhood, although he had lived in Philadelphia for eighteen or nineteen years and had not driven much with a sleigh.

The evidence as to the condition of the road is stated in the opinion. It appeared that, for some distance, as the sleigh approached the crossing of the Boston and Maine Railroad with Main Street and the defendant's tracks in Wakefield, it had been driven between the double tracks of the defendant. Just before the crossing, the double tracks converged and became a single track. It was in the " V " of the switch at that point that the runner of the sleigh became caught. Henry and Burton got out

of the sleigh and attempted to release it from the switch, the horse became restless, and almost at once plunged and then ran away and the plaintiff was thrown out. A part of the plaintiff's testimony in cross-examination was as follows: Q. "I don't know whether I asked you — you, of course, were trusting to the gentleman who was driving? You were relying for your safety on his ability to drive, were you not?" A. "Yes, sir." — Q. "And you put yourself in his care, so to speak, so far as the driving was concerned, had you not?" A. "Yes, sir."

At the close of the evidence, the defendant requested the presiding judge to rule that upon all the evidence the plaintiff was not entitled to recover; (4) that, if the jury should find that the plaintiff Barbara Miller entrusted the care and management of the horse and sleigh in which she was riding entirely to Burton R. Miller and relied solely upon him for her safety, then in order to recover she must show that Burton R. Miller exercised due care and diligence in the management of the horse and sleigh both before and after the runner of the sleigh became caught in the frog or switch; (5) that there was no evidence of negligence on the part of the defendant in the plowing and levelling or handling of the snow on Main Street at or about the place of this accident; and (8) that the plaintiff was bound, in order to recover, to show that no causes or agencies other than those over which the defendant had control contributed to cause this accident.

The presiding judge refused to rule as requested by the defendant. His charge, with regard to the right of the plaintiff to recover in case the jury should be of the opinion that the accident resulted from negligence of both the defendant and the "young men on the front seat" was as follows:

"If you find that Barbara in this aspect of the case was in no way to blame, you come to the consideration of what is her standing with reference to the young men on the front seat, or the brother and her cousin. If it is your conclusion that those two young men were in no way to blame for what happened, then there is no occasion to consider the aspect that I am about to refer to. But, suppose it is your view that the young men Henry and Burton, the brother and the cousin, did not act with the prudence that they ought to have acted, that their fault contributed. How far was Barbara to be affected by that, is the

question. If they were not to blame, then you do not have to consider; but if they were to blame, then you come to the question of how Barbara was affected by their fault.

· If she had authority or control of the two young men that were driving — I am not aware that she had, and I refer to this because I do not know what counsel claim, and I do not know what your view may be — but if she had authority or control over the two young men, then she is affected by any fault on their part and cannot recover. But the question will arise whether the sister and the cousin sitting on the back part of the sleigh had any authority or control over the two young men, one of whom is holding the reins and the other is sitting by his side on the front seat.

"If she by reason of what she saw of the condition of the road was under any duty to warn or caution either of the two young men in front and she failed to do so, she cannot recover.

"If she had reason to suppose a want of care or skill on the part of either of the two young men, and her failure to caution them contributed to the accident, she cannot recover, provided such failure in either case was in your judgment a failure to do what a person of ordinary prudence ought to do.

"If she had neither authority nor control, and if she was not under any duty to warn or caution, and if she had no reason to suppose any want of care or skill on the part of the two young men, then she may recover although her brother or cousin were to blame. Barbara, provided she acted with prudence in remaining in the sleigh, is not affected by the conduct of the two young men, unless she had control or authority over them, or unless there was from what she observed some duty to caution them, or unless she observed or knew of some want of skill or care upon their part that called upon her to warn or caution them."

In the actions against the defendant brought by Henry F. Miller, 2d, and by Edwin C. Miller, the jury returned verdicts for the defendant. In this case the jury found for the plaintiff, and the defendant alleged exceptions to the refusals of the presiding judge to rule as requested, and to the portion of his charge above quoted.

*E. P. Saltonstall & S. H. E. Freund*, for the defendant.

*W. V. Taylor*, for the plaintiff.

KNOWLTON, C. J. The first question in the case is whether there was evidence of negligence on the part of the defendant. There was much testimony that the road was in bad condition on each side of the defendant's tracks, that the snow was deep and difficult to pass over, that in some places there were large lumps of frozen snow, and that in others there was a high bank, sloping steeply down at the side of the road. According to the weight of the testimony the difficulty of passing at the sides of the tracks was so great that nearly all teams drove along the tracks, leaving the snow on each side without a regular path. For the changes in the condition of the snow from the condition that would have resulted from the storms alone, the jury might well find that the defendant was chiefly responsible, as it had frequently thrown out snow, and run snow plows over the tracks.

There was much evidence tending to show that the winter was unusually severe, that the snow storms were frequent and the cold nearly continuous, making it very difficult to keep the roads safe. The jury might well have found that the defendant did all that it reasonably could be expected to do. But there was a variety of testimony to show that conditions were bad near the place of the accident, and we think it was a question of fact whether they were due in any degree to the negligence of the defendant.

There was evidence to warrant a finding that, by reason of the bad condition of the road at the sides, the driver of the sleigh was not negligent in driving on the track, and that his driving there, taken in connection with the condition of the snow at the switch, was the direct and proximate cause of the accident. The fact that the plaintiff did not receive her injury immediately when the runner of the sleigh caught in the switch, but a few seconds or perhaps a minute or two afterwards, when the horse had escaped under the excitement of the collision and the attempt to extricate the runner of the sleigh, does not prevent a finding that the condition of the snow was the direct cause of the injury. *McDonald* v. *Snelling*, 14 Allen, 290. *Marble* v. *Worcester*, 4 Gray, 395. *Bowes* v. *Boston*, 155 Mass. 344. *Davis* v. *Longmeadow*, 169 Mass. 551.

The fourth request for a ruling was rightly refused. The instructions given on this point were correct and sufficient.

They followed closely the doctrine fully stated and explained in *Shultz* v. *Old Colony Street Railway*, 193 Mass. 309.

The eighth ruling requested could not properly be given, and the exception to the refusal to give it is waived by the defendant.

*Exceptions overruled.*