BESSIE CHADBOURNE *vs.* SPRINGFIELD STREET RAILWAY COMPANY.

Hampden.    September 22, 1908. — October 19, 1908.

Present: KNOWLTON, C. J., MORTON, LORING, SHELDON, & RUGG, JJ.

*Negligence.    Street Railway.*

In an action by a woman against a street railway company for personal injuries incurred, when being driven as a guest in an automobile, from being run into by a car of the defendant on a narrow bridge over a railroad, there was evidence on which it could be found that the plaintiff was inexperienced in regard to automobiles and that the driver, whose guest she was, was skilful and experienced

in that regard, that the automobile was following behind a street car of the defendant which was moving very slowly on the bridge, that there was not room to pass this car on the right, that the driver turned to the left upon the parallel track to pass the car, that when the automobile got on the track its occupants saw another car of the defendant approaching at a high rate of speed from the opposite direction, that the driver brought the automobile to a full stop, but that the car in spite of the efforts of the motorman could not be stopped in time to avoid a collision, and struck the automobile with violence, causing the injuries sued for. *Held,* that the jury well might have found that the plaintiff took a wise course in not attempting to interfere with the driver's management of the automobile, that there was no relation of agency between her and the driver to affect her with negligence on his part and no mutuality in a common enterprise between them, so that the question of the plaintiff's due care was for the jury, and it was not necessary to consider whether the driver was negligent or not.

In an action by a woman against a street railway company for personal injuries incurred, when being driven as a guest in an automobile, from being run into by a car of the defendant on a narrow bridge over a railroad, there was evidence on which it might have been found that the motorman of the car which ran into the automobile was driving it at the rate of about fifteen miles an hour to and upon the bridge, that the approaches to the bridge were at so sharp a grade that a car coming from either side could not be seen by the motorman of a car coming from the other side until both cars were substantially on the bridge, that the automobile had been following behind another car of the defendant which was moving very slowly, that there was not room on the narrow bridge for the automobile to pass the car on the right and there was room to pass it on the left only by travelling wholly or in part upon the parallel track of the defendant, that the driver turned to the left to pass the car, that after the defendant's approaching car and the automobile had become visible from each other, the automobile came to a full stop, but the car in spite of the proper effort then made by the motorman could not be brought to a standstill in time to avoid a collision, and struck the automobile with such force as to move it a considerable distance, causing the plaintiff's injuries. The bill of exceptions contained the following statement: " On the day of the accident there was in force a rule or order of the defendant, with which all its employees running over the bridge were familiar, that two double truck cars should not be on the bridge simultaneously. This rule was made pending the strengthening of the bridge, which was done after the date of the accident." Both of the defendant's cars on the bridge at the time of the accident were double truck cars. *Held,* that the statement that the rule of the defendant above quoted " was made pending the strengthening of the bridge, which was done after the date of the accident," did not overcome the express statement that it was in force at the time of the accident, nor show that it was so far intended merely to protect the defendant's passengers that its infraction could not be regarded as negligence toward others, and, if so, the mere fact of the violation of the rule was some evidence of negligence in running the car, but that, even in the absence of such an express rule, the jury might find that the defendant's cars should not be allowed to obstruct and endanger travellers in other vehicles by passing each other upon so narrow a bridge approached at so steep a grade, and that, in view of all the circumstances, the court could not say that the jury had not a right to find that it was negligent to take the car upon the bridge while another car was upon it at such a rate of speed as might make a collision with another vehicle unavoidable after knowledge of such a danger; consequently, that the question of the defendant's negligence was for the jury.

TORT for personal injuries received on March 31, 1907, on Plainfield Street Bridge in Springfield, which is a bridge over the tracks of the Boston and Maine Railroad approached at a steep grade at each end, while the plaintiff was being driven as a guest in an automobile by one Reed, an automobile tester, by reason of the automobile, after it had come to a stop, being run into by a car of the defendant alleged to have been operated negligently at a high rate of speed by a motorman in the employ of the defendant. Writ dated June 6, 1907.

. In the Superior Court the case was tried before *Wait*, J., who at the close of the plaintiff's evidence ordered a verdict for the defendant. The plaintiff alleged exceptions.

The material facts shown by the evidence appear sufficiently in the opinion. The bill of exceptions contained the following statement: " On the day of the accident there was in force a rule or order of the defendant, with which all its employees running over the bridge were familiar, that two double truck cars should not be on the bridge simultaneously. This rule was made pending the strengthening of the bridge, which was done after the date of the accident." It appeared that both of the defendant's cars on the bridge at the time of the accident were double truck cars.

The case was submitted on briefs.

*D. E. Leary, E. W. Beattie, Jr., & G. D. Cummings*, for the plaintiff.

*H. W. Ely & J. B. Ely*, for the defendant.

SHELDON, J. The question of the plaintiff's due care was for the jury. She seems to have conducted herself as an invited guest of the driver of an automobile or other vehicle naturally would do. She trusted him as to the running of the machine; that is, she did not attempt to interfere with his management of the automobile. In view of her inexperience and of what might have been found to be the skill and experience of the driver, the jury might well have thought that this was a wise course on her part. Nor was there any relation of agency between her and the driver such as of itself would affect her with negligence on his part. She had no right to control him. There was no mutuality in a common enterprise between them. It cannot be said as matter of law that she ought to have warned the driver

against turning out from behind the car which he had been following, especially in view of the fact that he was turning both in the direction required by statute (R. L. c. 54, § 2), and in the only direction in which the width of the bridge afforded room for him to pass that car.   And she had a right to rely somewhat on the acquaintance with the road which she might presume that he had.

Accordingly we need not consider whether it can be said that Reed's conduct was, as matter of law, negligent.   Even if this were so, the plaintiff's own due care was for the jury.   *Shultz* v. *Old Colony Street Railway*, 193 Mass. 309.   *Miller* v. *Boston & Northern Street Railway*, 197 Mass. 535.

It is a more difficult question whether there was any evidence of negligence on the part of the defendant's servants.   But it might have been found that the motorman was driving the car which ran into the automobile at a rate of nearly fifteen miles an hour to and upon the bridge.   This bridge was so narrow that it was impossible to pass with a vehicle between a car and the guard rail of the bridge; and the approaches to the bridge are at so sharp a grade that, from one side, a car coming from the other side cannot be seen until both cars are substantially on the bridge.   Another car of the defendant was coming in the opposite direction, at a very low rate of speed, and any vehicle turning out from behind it necessarily must come upon the track on which the colliding car was coming.   Apparently there was considerable travel over the bridge.   Under these circumstances, a jury might say that due care required the motorman to keep his car under sufficient control to avoid running into a vehicle approaching behind the other car which might be practically compelled to turn out upon the track in front of him.   Moreover, a rule of the defendant in force at this time provided that two double truck cars should not be on the bridge at the same time.   And the jury might find that even in the absence of such an express rule the defendant's cars should not be allowed to obstruct and endanger other travellers by passing each other upon so narrow a bridge, approached at so steep a grade.   Nor does the fact that this rule, as the bill of exceptions recites, "was made pending the strengthening of the bridge, which was done after the date of the accident," overcome the express statement that it

was in force at this time, or show that it was so far intended merely to protect the defendant's passengers that its infraction could not be regarded as negligent toward others. But if this is so, the mere fact of the violation of this rule was some evidence tending to show negligence in running the car. *Stevens* v. *Boston Elevated Railway*, 184 Mass. 476. *Burns* v. *Worcester Consolidated Street Railway*, 193 Mass. 63, 66. *Partelow* v. *Newton & Boston Street Railway*, 196 Mass. 24, 31. There was evidence here that after the defendant's car and the automobile had become visible each from the other the automobile came to a full stop, but that the car, in spite of proper effort then made by the motorman, could not be brought to a standstill in time to avoid a collision, but struck the automobile with such force as to move it a considerable distance. In view of all the circumstances, we cannot say that the jury had not a right to find that it was negligent to take the car upon the bridge while another car was upon it, at such a rate of speed as might make a collision with another vehicle unavoidable after knowledge of such a danger. *Tashjian* v. *Worcester Consolidated Street Railway*, 177 Mass. 75, 81. *Williamson* v. *Old Colony Street Railway*, 191 Mass. 144.

For these reasons we are of opinion that the case should have been submitted to the jury.

*Exceptions sustained.*