### JEROME TENNIEN *vs.* MARCELLUS W. CHASE.

Middlesex.    March 2, 1909. — March 29, 1909.

Present : KNOWLTON, C. J., HAMMOND, LORING, SHELDON, & RUGG, JJ.

*Negligence*, Imputed.

Where, at the trial of an action for personal injuries, alleged to have been received in a collision between a buggy in which the plaintiff was and one owned and driven by the defendant, and to have been caused by negligence on the part of the defendant, there is evidence tending to show that the plaintiff with another man were guests of the owner and driver of the buggy in which they were and that there did not exist either between the plaintiff and the driver or between the plaintiff and the other guest any relation of master and servant or of principal and agent or of mutual responsibility in a common enterprise, it cannot as matter of law be ruled that negligence either on the part of the driver or on the part of the other guest should be imputed to the plaintiff.

TORT for personal injuries alleged to have been caused by the defendant's negligently driving a horse and buggy into collision with a buggy in which the plaintiff was.    Writ in the Superior Court for the county of Middlesex dated September 18, 1906.

---

* R. L. c. 134, § 5, originally enacted in St. 1888, c. 273, by its terms applied only to instruments executed after April 30, 1888.

At the trial before *Stevens*, J., there was evidence tending to show that the plaintiff went with one Murphy from West Newton to Auburndale for the purpose of seeing one Mellody, who kept a livery stable and whom the plaintiff had not previously known, to ascertain whether or not Murphy could assist the plaintiff in securing work. When the plaintiff and Murphy were about to return home, Mellody, who owned a livery stable, offered to drive them back. The carriage was an open Stanhope, cut-under buggy. Tennien was seated on the left, Murphy on the right and Mellody was driving and sitting on their knees. All parties were familiar with the place where the accident happened. As Mellody was driving along Waltham Street, his attention was called by Murphy to the defendant's wagon coming very fast down Crafts Street. Thereupon Mellody reduced the speed of his horse to a gait of about three miles an hour, driving along the extreme right hand side of Waltham Street and close to the side of the park. Shortly before the accident, the defendant's team could not be seen but was heard crossing the electric car tracks and turning as though going toward West Newton, upon the defendant's right hand side of Waltham Street. The next instant, and before there was a chance to give any warning, the breast of the defendant's horse and one of the shafts of the defendant's buggy struck the occupants of Mellody's buggy, and the plaintiff was injured.

At the close of the evidence the defendant asked the presiding judge to rule (1) that carelessness by any one or all of the occupants of Mellody's team was imputable to Tennien; (2) that carelessness by the driver was imputable to Tennien; and (3) that carelessness by Murphy was imputable to Tennien. The rulings were refused, the jury found for the plaintiff; and the defendant alleged exceptions.

*C. Abbott*, for the defendant.

*C. W. Bond & H. H. Bond*, for the plaintiff, were not called upon.

SHELDON, J. It is impossible to go further in support of the defendant's contention than to say that upon the evidence it was a question for the jury to settle whether the circumstances were such that any negligence of either Mellody or Murphy, who were respectively the driver and another occupant of the buggy in

which the plaintiff was seated, should be imputed to the plaintiff. But the whole case was submitted to the jury under instructions which, as they are not stated in the bill of exceptions, must be presumed to have been sufficiently favorable to the defendant. The judge could not properly have ruled that the negligence of either or both of the plaintiff's companions must be imputed to him. The principles involved in the question were considered at large in the recent case of *Schultz* v. *Old Colony Street Railway*, 193 Mass. 309. See also *Feneff* v. *Boston & Maine Railroad*, 196 Mass. 575, 578; *Miller* v. *Boston & Northern Street Railway*, 197 Mass. 535; *Chadbourne* v. *Springfield Street Railway*, 199 Mass. 574; *Peabody* v. *Haverhill, Georgetown & Danvers Street Railway*, 200 Mass. 277.

*Exceptions overruled.*