FRANK H. INGALLS *vs.* LEXINGTON AND BOSTON STREET
RAILWAY COMPANY.

Middlesex.   January 10, 1910. — February 23, 1910.

Present: KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & SHELDON, JJ.

*Negligence,* In use of highway, Imputed.

At the trial of an action against a street railway company by one who, while being
   driven in an express wagon, was injured in a collision between the wagon and
   a car of the defendant, it appeared that the plaintiff had had an experience of
   two years as an expressman in the neighborhood of the accident, which ended
   two years before the accident, that, having business with one who was the driver
   and a part owner of the express wagon, he had been invited to sit with him upon
   the wagon seat, that the plaintiff knew the driver to be experienced and familiar
   with the locality, that the wagon was drawn by two horses and was heavily
   loaded with merchandise piled high above the heads of the occupants, that, at
   about half past seven o'clock in the evening of the last day of October, the driver
   drove the wagon thus loaded on a driveway at a descending grade to the street

and at right angles across the single track of a street railway to the farther side of the street, this course being adopted in order to avoid a sharp turn with the heavy load, that the driver then proceeded for about three hundred feet on the left hand side of the street, and was turning to cross to the right hand side when the plaintiff noticed the approaching street car, that by the driver's conduct it was indicated to the plaintiff that the driver at the same time observed the car, that the driver urged the horses with the reins, having no whip, but that the car, which some of the evidence tended to show was approaching at the rate of thirty-five miles an hour on a down grade, struck the wagon before it could be got off the track. *Held*, that, while perhaps it could be said that there was no evidence of due care on the part of the driver, which point was not decided, there was evidence for the jury on the question of the plaintiff's due care, he being justified in trusting something to the care and experience of the driver and not being called upon to warn the driver, whose guest he was, of dangers of which the driver seemed to know.

TORT for personal injuries sustained in a collision of an electric street car of the defendant and an express wagon in which the plaintiff was being driven. Writ dated December 31, 1902.

The case was tried before *Harris, J.* The evidence as to the relations between the plaintiff and the driver of the express wagon tended to show that about two years previous to the accident the plaintiff had been engaged in the express business for about two years, that at that time he sold out his express business to Alexander Dwyer and Nelson S. Dwyer, and, after the sale, remained in Lexington about six months, and then went to Sheffield, Vermont. Shortly before the accident he came from Vermont to do some business with one of the Dwyers, and met Alexander Dwyer in Boston and they rode out on the train together. On arriving at Lexington he proceeded to the stable of the Dwyers and was driven by Alexander about two miles to Holbrook's store, which is the store referred to in the opinion, and waited there until Nelson S. Dwyer came out from Boston, driving an express wagon drawn by two horses and owned by the Dwyer Brothers, loaded with goods to be delivered at various points in Lexington and East Lexington. A small portion of the goods was taken off at Holbrook's store, and then the plaintiff and Alexander Dwyer got upon the loaded wagon. Alexander Dwyer took the reins and drove away from the store with the plaintiff sitting upon the seat of the wagon beside him, Dwyer on the right hand of the seat and the plaintiff on the left. Dwyer continued driving the wagon until the collision occurred.

Other facts are stated in the opinion.

At the close of the evidence, the presiding judge ordered a verdict for the defendant; and the plaintiff alleged exceptions.

*H. N. Allin,* for the plaintiff.

*C. A. Hight,* (*T. B. Hughes* with him,) for the defendant.

KNOWLTON, C. J.   This is an action to recover for injuries received by the plaintiff from a collision of the defendant's street railway car with a wagon on which he was riding.   There was evidence of negligence on the part of the defendant's motorman in running the car at an excessive rate of speed, and perhaps in other particulars, leaving, as the only issue now before the court, the question whether there was evidence that the plaintiff was in the exercise of due care.   The accident happened at half past seven o'clock in the evening of October 31, while the plaintiff was riding, by the invitation or with the consent of the driver, upon a large express wagon, drawn by two horses and heavily loaded with merchandise high above the heads of its occupants.   The plaintiff's relations to the driver were such that the driver's negligence cannot be imputed to him.   *Shultz* v. *Old Colony Street Railway*, 193 Mass. 309.   The railway was but a single track nearly in the centre of the street.   The express wagon was driven out from a store on the easterly side of the street, on a descending grade to the westward, at right angles to the street and across the track to the westerly side, because that was a safer and easier way to go with the high load than to turn sharply to the right in coming from the store.   The driver proceeded for about three hundred feet northward, on the left hand side of the track, and then turned to the right, and was going with the wheels on the right hand side of the wagon and with the off horse between the rails, and the wheels on the left hand side outside of the track, westerly of the westerly rail.   After proceeding a short distance in this course, the defendant's car was seen coming from the north on a descending grade, and the driver turned diagonally to the right to get the wagon off the track; but the forward wheel on the left hand side of the wagon was struck by the car, and the plaintiff was injured.   The driver, when he saw the car, urged his horses by striking them with the rein, having no whip.   The plaintiff was familiar with the place, but he said nothing to the driver, until

the car was very near them, when he said, "My God, Dwyer, he is going to hit us." The driver, too, was entirely familiar with the neighborhood. There was evidence that the car was going at the rate of thirty to thirty-five miles an hour, although this was contradicted.

It well might have been found that the driver was not in the exercise of due care. Perhaps it could be said that there was no evidence of his due care, although this we do not determine. However this may be, the position of the plaintiff was very different. He was not primarily responsible for the driving of the horses and the position of the team in the street. He was a mere invited guest of the driver. He could well trust something to the care and experience of the driver and his supposed qualifications for his position. Indeed, occupants of wagons and carriages are often so situated as to be obliged to trust everything to the driver of the vehicle in which they are riding. It would have been an impertinence for the plaintiff to volunteer suggestions to the driver as to the method of driving, in the absence of some important reason for so doing. While it was his duty to exercise due care for his own safety, and while he should have warned the driver of any danger that he observed, if he thought the driver was ignorant of it, and should have done anything else that was reasonably necessary for his own protection, he was not called upon to inform the driver of dangers which the driver seemed to know. He testified that when he first saw the approaching car the driver indicated by his conduct that he also saw it and was attempting to get out of the way of it. We are of opinion that, upon the whole evidence, it was a question for the jury whether the plaintiff failed to do anything for his protection that the exercise of due care required him to do. *Peabody* v. *Haverhill, Georgetown & Danvers Street Railway*, 200 Mass. 277. *Chadbourne* v. *Springfield Street Railway*, 199 Mass. 574. *Tennien* v. *Chase*, 201 Mass. 497. *Miller* v. *Boston & Northern Street Railway*, 197 Mass. 535.

*Exceptions sustained.*