Merrimack, }
March 3, 1931. }

EMMA HOEN *v.* ARCHIE HAINES.

FRED HOEN *v.* SAME.

*Robert W. Upton, Laurence I. Duncan* and *Dennis E. Sullivan (Mr. Upton* orally), for the plaintiffs.

*Demond, Woodworth, Sulloway & Rogers (Mr. Jonathan Piper* orally), for the defendant.

MARBLE, J.   The plaintiff, when she received her injury, was riding as a passenger on the front seat of a Hudson automobile at the side of the driver.   The accident occurred at Squam lake bridge in Holderness on the afternoon of July 6, 1928.   The bridge was being repaired at the time, and the east half of the highway for a distance of nearly fifty feet was closed to traffic.   At the approach to each end of the bridge the restricted area was inclosed by a barrier.   A lane was thus formed approximately fifty feet long and too narrow to permit passage at the same time of cars proceeding in opposite directions.

The defendant, driving an Oakland sedan, approached the bridge and entered this lane, which was on his left.   When about midway of the bridge he saw the Hudson car, which had not then reached the lane, coming toward him.   The collision occurred when the driver of the Hudson car entered the lane before the defendant had left it.

To avoid the accident the defendant did not stop his car but turned further to the right and struck the barrier.   The front ends of the cars escaped contact, but the rear ends came together.   The driver of the Hudson car thus describes the accident: "When I saw Mr. Haines, I pulled to the right as much as I could, and as I got over there he kept on coming just as fast as he could, and he struck the rear end of my car . . .   It threw me over to my right so I struck the end of the bridge."

The testimony relating to speed and distances is conflicting.   The defendant testified that his speed was five miles an hour, or less; that his car was equipped with four-wheel brakes, which were in good working order, and that he could have stopped instantly.   If the jury believed this to be true, they were fully justified in finding that ordinary care required him to stop instead of turning toward the bar-

rier. Moreover, it could be found from the plaintiffs' testimony that the defendant hastened to get through the lane without due regard to the consequences.

The motions for a nonsuit and directed verdict were properly denied.

The plaintiff was sixty-seven years old and, according to her testimony, entirely unfamiliar with the operation of automobiles. The driver was the plaintiff's niece. She was twenty-three years of age and had driven that particular car for four years. The plaintiff excepted to the following instruction to the jury: "Furthermore, it appears as an undisputed fact, that Mrs. Hoen was on the front seat with [the] driver. That gave her the opportunity of keeping a lookout ahead, so that in case Miss Tottenham [the driver] did not keep a proper lookout, Mrs. Hoen could have warned her of the approach to danger. If the danger of keeping on towards the defendant's car as it was crossing over the bridge was not seen by Miss Tottenham but was by Mrs. Hoen, or would have been seen by her had she kept a reasonable lookout ahead, in sufficient season for her to have induced Miss Tottenham to have slowed down in a manner that would have avoided the collision, then Mrs. Hoen was guilty of contributory negligence, and Mr. Haines would not be liable, even though you are also convinced that he was negligent."

The charge nowhere contains an explanation of what would legally constitute "a reasonable lookout ahead." Reasonable conduct is the conduct of the average person under similar circumstances. *Charbonneau* v. *MacRury*, 84 N. H. 501; *Frear* v. *Company*, 83 N. H. 64, 72; *Byron* v. *Railroad*, 82 N. H. 434, 438, and cases cited. And a circumstance of the utmost significance in the present case was the fact that the plaintiff occupied the position of a passenger and had no control over the management of the car. The jury were not told that the precautions which the plaintiff was bound to take for her own safety were much less than those demanded of Miss Tottenham, and that she was not called upon to utter any warning "of the approach to danger" unless she knew, or ought to have known, that Miss Tottenham was unaware of it. *Ingalls* v. *Railway*, 205 Mass. 73, 76; *Jerko* v. *Railway*, 275 Pa. St. 459, 462; 42 C. J. 1173; *Shea* v. *Railroad*, 69 N. H. 361, 364. Neither were they instructed that in the absence of any indication to the contrary, the plaintiff was entitled to assume that Miss Tottenham would not "enter the sphere of . . . peril ahead" or fail to be duly observant of approaching cars. *Birmingham &c. Co.* v. *Barranco*, 203 Ala. 639, 642; 42 C. J. 1171. See also *Lyman* v. *Railroad*, 66 N. H. 200, 203.

"Manifestly, the conduct which reasonable care requires of such a passenger will not ordinarily, if in any case, be the same as that which it would require of the driver. While the standard of duty is the same, the conduct required to fulfil that duty is ordinarily different because their circumstances are different." *Clarke* v. *Company*, 83 Conn. 219, 224. See also Huddy, Automobiles (6th *ed.*), 901; *Collins* v. *Hustis*, 79 N. H. 446, 449.

The error in this instance comprises far more than the mere failure of the court to state a principle of law meticulously—a failure which cannot usually be taken advantage of under a general exception unaccompanied by a special request for instructions or its equivalent. *Monteith* v. *Company*, 82 N. H. 175. Here the differing circumstances under which the plaintiff and Miss Tottenham were riding constituted a vital factor in the case which the jury could not properly ignore. With no guidance as to how that factor should be considered, they may well have assumed that if the plaintiff did not keep as strict a "lookout ahead" as though she were herself operating the car, she was not entitled to a verdict. The instructions "were not so framed as to convey the proper thought to a jury with reasonable certainty." *West* v. *Railroad*, 81 N. H. 522, 532. The exception is sustained.

The plaintiffs also excepted to the court's instruction that if Mrs. Hoen were negligent in riding "in that particular car, with Miss Tottenham as the driver,—whose personal car was a Ford," she became "chargeable with the negligence of Miss Tottenham," provided the jury should find that Miss Tottenham was negligent in a way which contributed to the collision. This exception is likewise sustained.

Since the defendant was present and acting in full view of the alleged fault of the driver, the plaintiff's prior negligence in selecting her driver, if such negligence could be properly found on the evidence, would be merely a condition and not a cause of her injury. It would of course have a bearing on the diligence required of her during her ride. But in no event would she be chargeable with the negligence of Miss Tottenham. Negligence in the selection of a driver must be causal. And even in such cases recovery is denied not because the negligence of the driver is imputed to the passenger but because the passenger's fault in riding with the incompetent driver is the proximate cause of the injury. *Hanson* v. *Railway*, 73 N. H. 395.

No error is perceived in the instruction that P. L., *c.* 90, *s.* 1, relating to the law of the road was not applicable to the peculiar facts of the present case.

At the conclusion of the charge the court suggested that the jury

might conclude that the occupants of the Hudson car had "colored their testimony with a view to putting the blame on to Mr. Haines and exonerating the driver of the Hoen car." The plaintiff contends that to thus single out her witnesses for disparagement was prejudicial. The statement was not withdrawn as was the case in *State v. LaVerne*, 83 N. H. 419.

The Hudson car collided with a post at the side of the bridge, and the evidence was conflicting as to whether this occurred before or after the collision of the cars. The plaintiff testified that she received her injury "when the car came and struck" her, and that it was the "impact with the other car" that threw her. The following portion of the charge was excepted to: "It is not open to serious doubt that Mrs. Hoen received her injury at the instant following the collision with the post." This statement is assailed as an invasion of the province of the jury.

It is unnecessary, however, to consider either of these last alleged errors, since the remarks objected to are not likely to be made in the course of any subsequent instructions.

*New trial.*

All concurred.