*Matthew J. Ryan* and *Crawford D. Hening* (by brief and orally), for the plaintiff.

*Warren W. James* and *Frank T. Powers* (of Maine), (by brief and orally), for the defendant.

BRANCH, J.   1. During the argument of plaintiff's counsel to the jury, exception was taken as follows:

"*Mr. Ryan:* . . .   He (Mr. Powers) told him (the defendant) he was representing an insurance company; but after the tactics they displayed during this trial I don't know what tactics Mr. Powers performed over there before Mr. Cantin.   For all we know,—altho it isn't in evidence,—he might have told him that 'If you fell asleep or if you were going fast you're liable to criminal prosecution, and the Commissioner of Motor Vehicles in the state of Maine can write to the Commissioner of Concord and have your license revoked.'

"*Mr. James:* I object to that argument.   There's no such evidence.

"*The Court:* Exception noted.

"*Mr. Ryan:* I say there's no evidence of it, but I say such a conversation might have been possible.   I won't say that it took place, because we have no evidence; but he told him the same story about the dog . . ."

Reference was here made to a statement given by the defendant a few days after the accident in which he said that the collision with the tree resulted from his efforts to avoid running over a dog. There was much evidence tending to show that the "story about the dog" was invented by the defendant because he feared criminal prosecution and the loss of his driver's license. Therefore the only objection which can be urged against the foregoing argument is that the jury was asked to infer from the "tactics" of the defendant's counsel during the trial that this danger was suggested by counsel to the defendant. We find in the record no evidence of any conduct or "tactics" on the part of counsel which would justify a specific inference of this kind, and it was conceded that there was no other evidence upon which it could be based. We, therefore, have to deal with a case in which an inference of fact unwarranted by evidence was urged upon the jury.

It has sometimes been stated without qualification that a verdict will not be set aside on account of such an argument. *Potter* v. *Moody*, 79 N. H. 87, 88; *Voullgaris* v. *Gianaris*, 79 N. H. 408; *Gosselin* v. *Company*, 78 N. H. 149; *Turner* v. *Company*, 75 N. H. 521; *Mitchell* v. *Railroad*, 68 N. H. 96. But the true rule is now well settled that the assertion of an inference unwarranted by evidence will compel the setting aside of a verdict if it receives the express or tacit sanction of the court. *Maravas* v. *Corporation*, 82 N. H. 533, 536; *Lafferty* v. *Houlihan*, 81 N. H. 67, 77; *State* v. *Ketchen*, 80 N. H. 112; *Tuttle* v. *Dodge*, 80 N. H. 304, 314; *State* v. *Small*, 78 N. H. 525, 530.

Exceptions of this kind, although commonly called exceptions to argument, in reality involve not the conduct of counsel in making the argument, but the action of the court in permitting it to stand, (*State* v. *Ketchen*, *supra*) and in the absence of differentiating circumstances the allowance of an exception must be regarded as an implied sanction of the argument. *State* v. *Wargo*, 83 N. H. 532, 535. Differentiating circumstances which may justify a contrary conclusion are illustrated in *Maravas* v. *Corporation*, *supra*, where the court ordered an exception to be noted but expressly postponed ruling upon the propriety of the argument; in *Lafferty* v. *Houlihan*, *supra*, where the court allowed an exception but expressed emphatic disapproval of the argument; and in cases like *Tuttle* v. *Dodge*, *supra*, where an exception was claimed but not expressly allowed by the presiding justice.

No circumstances of this character are present in the case at bar. The definite objection of the defendant was plainly overruled by the order that an exception be noted, and by permitting the argument to stand the court impliedly sanctioned the inference which counsel

urged upon the attention of the jury. Plaintiff's counsel, in making this argument, must have intended to accomplish some result favorable to his client. The fact which the jury was thus asked to infer was of that class which has a general tendency to discredit the opponent's case, although not logically material to any of the essential issues involved. *Stocker* v. *Railroad*, 84 N. H. 377, 379; *Doe* v. *Lucy*, 83 N. H. 160, 162; *Duval* v. *Insurance Co.*, 82 N. H. 543, 546; *Masterson* v. *Railway*, 83 N. H. 190, 194; *Login* v. *Waisman*, 82 N. H. 500, 502. For this reason it was prejudicial and, since counsel sought to establish this fact by unlawful means, the verdict must be set aside. *Zogoplos* v. *Brown*, 84 N. H. 134, 139, 140.

2. Argument is advanced in the defendant's brief that the motion to set aside the verdict as against the law should have been granted because, under the law of Maine, it must be found that the plaintiff was guilty of contributory negligence in going to sleep.

No motion for a nonsuit or a directed verdict was made at the trial nor was the above question directly raised in any other manner. Consequently the defendant is in no position to insist upon its consideration at this time. "A motion to set aside a verdict 'because it was against the law' raises no question of law which has not previously been saved by exception." *Bennett* v. *Larose*, 82 N. H. 443, and cases cited. Nevertheless, since the question is bound to arise at another trial and since the denial of the defendant's request for instructions may be thought to raise the question of what the Maine law is, the contention of the defendant has been considered.

The argument is based wholly upon the case of *Humphrey* v. *Hoppe*, 128 Me. 92, in which approval was given to the following instruction: "One riding as a passenger or guest may not place his or her safety entirely in the keeping of the driver, but he or she must exercise due and reasonable care for his or her protection." The contention is that since one riding as a passenger or guest may not place his safety entirely in the keeping of the driver, it follows as a matter of law that the plaintiff cannot recover "because, being asleep, he was incapable of exercising 'due and reasonable care' for his protection."

We are told that the Maine court in announcing the above principle "followed the rule laid down by the Massachusetts Supreme Court" in *Lambert* v. *Railway*, 240 Mass. 495, and that when the present question arises in Maine the courts of that state will probably follow the later Massachusetts case of *Oppenheim* v. *Barkin*, 262 Mass. 281, holding that it is negligent as a matter of law for a guest on the rear seat of an automobile to go to sleep.

We search the case of *Humphrey* v. *Hoppe, supra,* in vain for any indication that the court there consciously followed the *Lambert* case or any other Massachusetts decision upon the question of contributory negligence, but even if this were so, we find in the later Maine cases no indication whatever that the extreme position of the Massachusetts court will be adopted. Indeed, the chance that this may be done seems remote in view of the fact that the Massachusetts case stands alone amongst the decisions upon this point. In six other American jurisdictions a contrary conclusion has been reached. *McDermott* v. *Sibert,* 218 Ala. 670; *Malone* v. *Clemow,* 111 Cal. App. 13; *Bushnell* v. *Bushnell,* 103 Conn. 583; *Chesapeake &c. Co.* v. *Merriken,* 147 Md. 572; *D. & H. Truck Line* v. *Hopson,* (Tex. 1928) 4 S. W. Rep. (2d) 1013; *McAndrews* v. *Leonard,* 99 Vt. 512.

The last word of the Maine court with reference to the duty of a guest appears to be found in the case of *Kimball* v. *Bauckman,* (1932), 158 Atl. Rep. 694, in which the rule was stated as follows: "It is when dangers become either reasonably manifest or known to a passenger, and he, with adequate opportunity to control or influence the situation for safety, sits by without warning or protest to the driver, and permits himself to be driven carelessly to his injury, that his negligence will bar his recovery." To the same effect are *Trumpfeller* v. *Crandall,* 130 Me. 279, and *Peasley* v. *White,* 129 Me. 450. In the latter case we read, "It is of 'apparent danger' which the passenger must give warning, not necessarily apparent to the individual but that which is or ought to be reasonably manifest to the ordinarily prudent person," and in the *Trumpfeller* case it was held to be a question for the jury whether the plaintiff was negligent in remaining in the car after reckless driving by the defendant who had thereupon promised to drive more carefully.

We find in these cases no suggestion that a passenger must be constantly on the alert to discover unanticipated but possible danger or that he must at all times be prepared to guard against a possible lapse from the standard of due care on the part of his driver. On the contrary, the net effect of the foregoing cases is that a passenger must conduct himself with reasonable care in the presence of dangers about which he knows or should know. There appears to be nothing exceptional about the Maine law in this particular.

The charge of the court was in accordance with the law above set forth. The issue submitted to the jury was closely analogous to that which was held to be proper in the *Trumpfeller* case. The presiding justice was entitled to use his own language, and his refusal to employ

the phraseology suggested by defendant's counsel was not error. *Graham* v. *Weber*, 79 N. H. 393, 397.

The other questions presented by the record are not likely to arise at another trial, and, therefore, are not decided.

*New trial.*

ALLEN, J., did not sit: the others concurred.