Merrimack,
June 6, 1933.

ALPHONSE MASON *v.* WAYLAND F. ANDREWS.

*Robert W. Upton* and *Laurence I. Duncan* (*Mr. Duncan* orally), for the plaintiff.

*Demond, Woodworth, Sulloway & Rogers* (*Mr. Jonathan Piper* orally), for the defendant.

WOODBURY, J.   Two questions are presented: First, does the record disclose sufficient evidence to warrant a reasonable man in the conclusion that the defendant was negligent; and second, is the evidence of the plaintiff's conduct such that he must be found to have been negligent.

Upon a motion for a nonsuit it is the general rule in this state that "a plaintiff is entitled to have the case considered upon that interpretation of the evidence which is most favorable to him." *Harlow* v. *Leclair*, 82 N. H. 506, 509, 510.

Taking this view of the evidence in relation to the negligence of the defendant it could be found as follows.

The plaintiff, the defendant and Chandler left Concord at about

6 P. M. on April 16, 1930 and proceeded over the Daniel Webster highway through Franklin to Tilton. The defendant, a professional chauffeur of considerable experience, was familiar with the fact that asphalt roads in the spring of the year are likely to be rough due to the frost coming out of the ground, and that frost-heaves which do not break the pavement are not always easy to see. The road between Franklin and Tilton was paved with asphalt and on the trip to Tilton was discovered by the defendant to be so heaved by frost as to require him on two or three occasions to reduce the speed of the car.

The trio left Tilton about 10 P. M. to return to Concord, the defendant driving and the plaintiff riding alone on the back seat. On the road between Tilton and Franklin the defendant, in order to pass a car which he had been following, increased his speed from 15 to 20 miles per hour to 30 to 35 miles per hour. When about abreast of the car he was overtaking, the defendant asked the plaintiff to pull down the rear curtain, which request the plaintiff was complying with, when the right wheels of the car passed over a frost-heave which threw the plaintiff in such a way that his head struck the top of the car. The frost-heave over which the wheels passed could be found to have been from 4 to 7 inches high and about as big as a pail. The car was in proper condition as to head-lights, brakes and steering gear. The defendant testified that he did not see the frost-heave until just before it passed from view under the radiator of the car, when it was so close that he had no time to do anything to avoid contact with it except to take his foot from the accelerator.

It does not avail the defendant that the frost-heave was rounded and that the pavement was not broken, thus making it difficult to see. If it might be found that he was in the exercise of due care in not seeing it sooner, still, not only being familiar with the possibility of encountering such an obstruction at the time and place of the accident, but also having actual knowledge that the road near the scene of the accident was in fact rough and heaved, and knowing that frost-heaves which do not break the surface of the pavement are hard to see, he might be found negligent in not driving at a slower speed so that upon encountering such a heave his passenger would not be injured.

The defendant testified to certain experiments which he had made with a car similar to the one which he was driving at the time of the accident. This evidence showed that he "could just see the top" of a six inch board set on edge; that he could get "a flash" of it such as he "got of that hump," when the board was between 7 and 8 feet in front of the bumper.

The plaintiff introduced the testimony of a civil engineer to the effect that he had made experiments with a similar car; and that as he sat in the driver's seat looking over the radiator cap the nearest point at which level ground was visible was 23 feet and 4 inches "from the front corner" of the car. He also testified that as he looked further to the right the ground nearer the car became visible until looking over the right corner of the radiator he could see the ground up to a point 11 feet and 1 inch from the bumper. Accepting the defendant's statement that he did not see the frost-heave until just as it passed from view under the radiator, the testimony of the engineer affords a basis for finding that its point of disappearance was far enough ahead of the car to give the defendant time to avoid it had he acted with due care.

There was evidence from which a jury might find that the defendant was negligent.

The question of contributory negligence merits but brief consideration. The plaintiff testified that on the trip up he once warned the defendant as to his manner of driving, and that the defendant treated his warning as a joke. He also testified that he spoke to the defendant about his driving while at their destination in Tilton, but the record discloses that on the latter occasion the plaintiff only inquired as to who was to drive on the return journey. The record does not show that on the return journey any warning was given, or that there existed any occasion or opportunity to utter any warning. *Hoen* v. *Haines*, 85 N. H. 36.

There is no rule of law requiring a passenger, in the absence of knowledge on his part of unsuitability in his driver, to keep a lookout for peril ahead. He is entitled to rely upon the assumption that his driver will act with due regard for his safety, in the absence of knowledge that such is not in fact the case. *Hoen* v. *Haines, supra; Salvas* v. *Cantin*, 85 N. H. 489. That he was engaged in pulling down the rear curtain at the time he was injured, and in consequence was not keeping any look-out ahead, indicates no negligence on his part.

*New trial.*

All concurred.