Merrimack,
June 3, 1941. } No. 3245.

MARY H. MULLINS

*v.*

BOSTON & MAINE TRANSPORTATION CO. & *a.*

CHARLES P. MULLINS *v.* SAME.

*Robert W. Upton* and *Laurence I. Duncan* (*Mr. Duncan* orally), for the plaintiffs.

*Demond, Sulloway, Piper & Jones* (*Mr. Piper* orally), for the defendant.

*Murchie & Murchie* (*Mr. Alexander Murchie* orally), for the defendant Chapdelaine.

BRANCH, J. There was evidence that immediately before the accident, the bus was going "very slowly . . . not much more than 10 or 15 miles an hour probably" and that the driver made a "good stop"; he "stopped very easy"; that "there was no jar to it or anything, just a natural stop." If the jury accepted this view of the occurrence, as they may have done, there was no negligence in the operation of the bus which adequately accounted for the plaintiff's fall and a search for some other cause became necessary. The plaintiff's own conduct, therefore, became a natural source of inquiry and was fully explored by counsel in the examination of witnesses. The case is thus distinguished from *Roberts* v. *Lisbon*, 84 N. H. 266.

It appeared that Mrs. Mullins was sitting on the front seat with nothing in front of her, paying no attention to the progress of the bus, with her eyes in her lap. She had taken this trip many times and was findably aware that more or less sudden stops are necessary incidents of bus travel. Under these circumstances she was sitting forward on the edge of the seat in an unstable position so that, as one witness said, "she just fell down on the floor; she slid down, that is all I saw." Under these circumstances some instruction upon the subject of contributory negligence was called for and the objection to the submission of this issue to the jury is overruled.

The charge to the jury upon this point was as follows: "If you find there was negligence on their [the defendants'] part or on the part of either one that caused the injuries to the plaintiff, then you would go one step further, and consider the proposition of law which also applies in all these cases and which has been raised in this one, that there was contributory negligence on the part of Mrs. Mullins that brought about the injuries to herself. Every one of us, of course, is required to use our senses to protect ourselves against injuries under all circumstances. The question for you to determine so far as Mrs. Mullins' conduct is concerned, is whether it was the conduct of a person of average prudence under the circumstances; whether she rode in the bus as a passenger would ordinarily ride, and whether there was anything she could have done to prevent injury to herself. There is no question she had no control over the operation of the bus,

so the operation of the bus, if negligent, could not be imputed to her. All she had to do, as I say, was to be reasonably careful and attentive in order to prevent injury to herself if it was possible. If you find it was not possible for her to prevent the injury which she sustained of course, that is the end of the case so far as the question of her negligence is concerned."

These instructions contained a specific addition to the concept of negligence which had been previously stated correctly to the jury, *i.e.* "Every one of us, of course, is required to use our senses to protect ourselves against injuries under all circumstances," and this idea was repeated in slightly different form as follows: "All she had to do, as I say, was to be reasonably careful and attentive in order to prevent injury to herself if it was possible." The fact that this was stated as a minimum requirement of due care on the part of the plaintiff was calculated to give it added emphasis.

Both of these propositions are clearly unsound. The plaintiff was not required to use her senses to protect herself against injuries under all circumstances. Three cases in this state establish the proposition that a passenger is not necessarily negligent although he goes to sleep and thus fails to use his senses to protect himself against injury. *Gilbert* v. *Joyal*, 89 N. H. 557; *Miltimore* v. *Company*, 89 N. H. 272; *Salvas* v. *Cantin*, 85 N. H. 489. It is equally well settled that a passenger is not necessarily bound to be "careful and attentive in order to prevent injury to" himself. *Laflamme* v. *Lewis*, 89 N. H. 69; *Mason* v. *Andrews*, 86 N. H. 277; *Hoen* v. *Haines*, 85 N. H. 36. "There is no rule of law requiring a passenger, in the absence of knowledge on his part of unsuitability in his driver, to keep a lookout for peril ahead. He is entitled to rely upon the assumption that his driver will act with due regard for his safety, in the absence of knowledge that such is not in fact the case." *Mason* v. *Andrews, supra,* 279. A passenger's duty to take self-protective action arises only "in the presence of dangers about which he knows or should know." *Salvas* v. *Cantin*, 85 N. H. 489, 493; *Robinson* v. *Railroad*, 85 N. H. 474; *Jackson* v. *Smart*, 89 N. H. 174; *Boston* v. *Corporation, ante* 392 decided this day.

The use of the word "reasonably" in connection with the words "careful and attentive" in the above quotation cannot save the instruction. Some duty to be attentive was clearly implied. The instruction was addressed to laymen and was "not so framed as to convey the proper thought to a jury with reasonable certainty." *West* v. *Railroad*, 81 N. H. 522, 532. Neither can these instructions

be defended by reference to the previous correct definitions of negligence. The general principle that a verdict will not be set aside because of an insufficiently inclusive statement of a rule of law in instructions to the jury when it is apparent from the whole charge that the jury were not misled thereby, *Theobald* v. *Shepard*, 75 N. H. 52; *Taylor* v. *Thomas*, 77 N. H. 410, does not help the defendant. This is not a case of an insufficiently inclusive statement of a rule of law but an inaccurate statement of a positive duty given in elaboration of the general duty of self-protection. It has never been held that a jury will be assumed to have rejected erroneous statements of the law because correct statements of an inclusive general principle have previously been given.

The plaintiffs' exceptions were in the following form: "The plaintiffs except to the instructions on contributory negligence, in which the jury were told they should consider whether there was anything she could have done and that it was her duty to be reasonably careful and attentive, on the ground that these instructions invade the province of the jury." And again: "The plaintiffs except generally to the charge on contributory negligence on the ground the instructions, taken together as a whole, would hold the plaintiff, Mrs. Mullins, to a higher duty than is imposed by law." It thus appears that the "precise objection relied upon was called to the attention of the court," *West* v. *Railroad, supra*, 530, and since "the matter was so presented to the court that the chance of an erroneous understanding might have been obviated by a brief explanatory statement, the exception must be sustained." *West* v. *Railroad, supra*, 533; *Hall* v. *Insurance Co.*, 90 N. H. 191, 196.

*New trial.*

BURQUE, J., did not sit: the others concurred.