MARY A. BULLARD *vs.* BOSTON ELEVATED RAILWAY COMPANY.
JANE W. BULLARD *vs.* SAME.
FRANCES CURTIS *vs.* SAME.
NELSON CURTIS, administrator, *vs.* SAME.

Suffolk.   November 22, 1916. — March 5, 1917.

Present: RUGG, C. J., LORING, DE COURCY, CROSBY, & CARROLL, JJ.

*Negligence,* Imputed, Contributory.  *Motor Vehicle.*  *Evidence,* Presumptions and burden of proof.  *Practice, Civil,* Judge's charge.

A guest being transported in the inside of a limousine motor car, who is separated from the chauffeur by a partition with closed windows, when the car is being driven on a crowded city street by a chauffeur of presumed skill and experience, can do little for his own safety and practically is compelled to trust everything to the driver, so that his doing so cannot be treated as a voluntary surrender by him to the driver of the duty of exercising due care, and the negligence of the driver cannot be imputed to him.

In an action by such a guest against a corporation operating a street railway for personal injuries caused by a collision of the limousine with an electric street railway car of the defendant, the provision of St. 1914, c. 553, is applicable and such guest is "presumed to have been in the exercise of due care."

In an action by an administrator against a street railway corporation for causing the death of the plaintiff's intestate, a married woman, by injuries sustained in a collision with a car of the defendant when the intestate, with her daughter and two other women guests, was inside a limousine motor car belonging to her husband, with the windows of the partition closed, and the car was being driven by a chauffeur in the employ of the intestate's husband, the presiding judge, after instructing the jury that, if the intestate exercised authority or control over the chauffeur, then whatever negligence there was on his part was imputable to her, and that, if he was negligent or she herself was negligent there could be no recovery by the administrator of her estate, further instructed the jury, as bear-

ing upon the question whether the chauffeur was under the control of the intestate in such a sense as to warrant the imputation of his negligence to her, that they might "consider the position she occupied in the car and whether she was in a situation to give orders to [him] at the time." *Held*, that the further instruction was not erroneous, because, as bearing upon the question whether the intestate had the authority of an employer over the chauffeur, the indications by and inferences from her conduct could not be said to be irrelevant.

Under St. 1914, c. 553, which provides that "in all actions, civil or criminal, to recover damages for injuries to the person or property or for causing the death of a person, the person injured or killed shall be presumed to have been in the exercise of due care, and contributory negligence on his or her part shall be an affirmative defence to be set up in the answer of, and proved by the defendant," the due care that is presumed is only that of the "person injured or killed" and no presumption of due care on the part of such person's servants or agents is created by the statute. Still less is a presumption created of due care on the part of one temporarily under the control of the person injured or killed.

FOUR ACTIONS OF TORT, the first three respectively by two guests and a daughter of Genevieve Curtis, the wife of Nelson Curtis, and the fourth by Nelson Curtis, as the administrator of his wife's estate, the first three for personal injuries and the fourth for causing conscious suffering and death by alleged negligence of the defendant's servants and agents in running a street railway car of the defendant against a limousine motor car belonging to Nelson Curtis, and driven by his chauffeur, containing the four persons injured or killed. Writs dated April 15, 16, 1915.

In the Superior Court the cases were tried together before *Bell,* J. The essential facts are stated in the opinion, where also the material instructions of the judge are stated. The portions of the instructions in regard to the relative rights of vehicles on a highway, referred to in the opinion as being correct and in accordance with *Carraher* v. *Boston & Northern Street Railway,* 198 Mass. 549, 552, were as follows: "Ordinarily where two men are driving vehicles upon the street, the one who, pursuing his course and not increasing his rate of speed or changing his direction, would naturally reach an intersecting point first, would naturally have the right of way, and the one who, not changing his rate of speed or his direction, would naturally reach a point last ought to give way to the rights of the one who would reach there first," and "'when the motorman of a car sees a' vehicle 'ahead which is being driven in a straight line' toward the track upon which he is operating his car, 'so that if both keep on a collision will ensue, it is the duty of the motorman to stop his car if he sees

that the driver of the' vehicle 'is going on, even if the driver ought not to go on.'"

The jury returned a verdict for the plaintiff in each case, in the case of Mary A. Bullard in the sum of $4,000, in the case of Jane W. Bullard in the sum of $500, in the case of Frances Curtis in the sum of $6,500, and in the case of Nelson Curtis, administrator, in the sum of $6,000 for the death of the intestate and in the sum of $3,000 for conscious suffering, which last named sum afterwards was reduced by order of the judge to $1,500. The defendant alleged exceptions, which raised the questions that are considered in the opinion.

*F. Ranney,* (*D. P. Ranney* with him,) for the defendant.

*D. E. Hall,* (*S. M. Bolster* with him,) for the plaintiffs.

RUGG, C. J. These are actions of tort to recover damages for personal injuries and a death resulting from a collision on Commonwealth Avenue in Boston between an automobile and a car of the defendant. The automobile was owned by Nelson Curtis. It was being driven by one Kaulback, a chauffeur in his employ. It was a limousine, and the glass partition separating the chauffeur from the people in the inside was up. The three first named plaintiffs and Mrs. Curtis, the wife of the owner of the car, were inside the automobile.

Negligence on the part of the chauffeur was not imputable to the first three plaintiffs. Two of them were guests of Mrs. Curtis. The third was her daughter, and there was not sufficient evidence to support a finding that in the presence of her mother the daughter undertook to exercise any authority over the chauffeur. There was no voluntary surrender on their part of all care for themselves and absolute reliance on the caution of the chauffeur in such sense as to charge them with responsibility for his conduct. There is little that a guest, in the inside of a limousine driven on a crowded city street by a chauffeur of presumed skill and experience, can do for his own safety even in the exercise of a high degree of care. The circumstances are quite different from those of a guest in a small horse drawn vehicle, where there is considerable range for the exercise of one's own faculties and where a complete abandonment of effort toward due care and blind dependence on the driver might be fraught with disastrous consequences. There is nothing in the cases at bar to show such conduct on their part

as would impute to them responsibility for the negligence of Kaulback. *Shultz* v. *Old Colony Street Railway*, 193 Mass. 309. This is a close approach to the illustration put in *Ingalls* v. *Lexington & Boston Street Railway*, 205 Mass. 73, 76, where the guests are "so situated as to be obliged to trust everything to the driver of the vehicle in which they are riding." Where the facts show such compulsion there is in the absence of special contract no voluntary and unconstrained surrender of all care by the guest to the caution of the driver.

No negligence being imputable to them, the words of St. 1914, c. 553, became applicable. According to its terms each plaintiff was "presumed to have been in the exercise of due care," and contributory negligence became an affirmative defence, as to which the burden of proof rested on the defendant. There was no evidence sufficient to support a finding that either of these three plaintiffs was negligent in any respect conducing to the injury. There was no evidence tending to show that the presumption of due care was met and controlled by evidence to the contrary. There was nothing to indicate that they distrusted or ought to have doubted the skill or attention of the chauffeur, or that there was any duty resting on them to act. They were required to be in the exercise of due care. But they also were presumed by the statute to be thus careful. When the burden of proof rests upon a defendant, it becomes a matter of law whether there is sufficient evidence to warrant the submission of the question to the jury. The cases at bar do not raise any point as to the effect of the statute where there is conflicting evidence and the whole case is thrown open to be decided on all the evidence. See *Turner* v. *Williams*, 202 Mass. 500, 505, and *Chandler* v. *Prince*, 217 Mass. 451, 455. There simply was not enough evidence as matter of law to warrant consideration of the subject.

The presiding judge instructed the jury in substance that, if Mrs. Curtis exercised authority or control over the chauffeur, then whatever negligence there was on his part was imputable to her, and that if he was negligent or if she was herself negligent, there could be no recovery by the administrator of her estate. The defendant has no ground for complaint in this respect. *Miller* v. *Boston & Northern Street Railway*, 197 Mass. 535, 538, 539. In conjunction with these unequivocal instructions,

the further ruling that, as bearing upon the question whether Kaulback was in the charge or control of Mrs. Curtis in such a sense as to warrant the imputation of his negligence to her, the jury might "consider the position she occupied in the car and whether she was in a situation to give orders to Kaulback at the time," was not erroneous. If in truth Mrs. Curtis had authority to exercise control over Kaulback, then her physical position in the automobile was of no consequence. If for the time being they occupied to each other the relation of master and servant, then the question whether, at the moment of the accident, she was so situated that she could give a direction, was immaterial. But as bearing upon the point whether she had the authority of an employer with respect to him, the indications by and inferences from her conduct could not be said to be irrelevant. No such question could arise where confessedly the relation of master and servant existed.

The rulings given respecting the relative rights of the owners of the automobile and the car in the highway, and the assumptions which the driver of each might make with reference to the conduct of the driver of the other, were in accordance with *Carrahar* v. *Boston & Northern Street Railway,* 198 Mass. 549, 552, *Callahan* v. *Boston Elevated Railway,* 205 Mass. 422, and *Foster* v. *Boston Elevated Railway,* 214 Mass. 61.

The presiding judge also charged the jury as follows: "In view of the provisions of St. 1914, c. 553, I instruct you that, if you should find that Kaulback was then and there acting as the servant of Mrs. Curtis, or was under her direction and control, the burden of proving that he was negligent rests upon the defendant, and if the defendant company has not sustained that burden, and if the plaintiff has sustained the burden of proving that the motorman was negligent, the administrator is entitled to recover." After quoting the substance of § 1 of that act, he charged further: "You see it has two parts, the person injured or killed shall be presumed to have been in the exercise of due care and contributory negligence, which means negligence on the part of the chauffeur, shall be an affirmative defence to be proved by the defendant. So you have a different rule for the two men I am speaking of. So far as the negligence of the motorman is concerned it is for the plaintiff to prove. So far as the negligence of the chauffeur is

concerned, it is for the defendant to prove it and there is the presumption of due care upon the part of the chauffeur." In substance and effect this is equivalent to a ruling that the statute means that there shall be a presumption of due care not only on the part of the person injured but on the part of everybody in the employ of that person and of everybody over whom that person exercised authority, whose due care is necessary in order to support the plaintiff's case.

Without pausing to consider other difficulties in the way of such an interpretation, it cannot be sustained as simple matter of statutory construction. The words of § 1 of the act are: "In all actions, civil or criminal, to recover damages for injuries to the person or property or for causing the death of a person, the person injured or killed shall be presumed to have been in the exercise of due care, and contributory negligence on his or her part shall be an affirmative defence to be set up in the answer of, and proved by the defendant." These provisions are explicit to the effect that the due care of "the person injured or killed" shall be presumed and that contributory negligence "on his or her part" shall be an affirmative defence. These words cannot in reason be stretched to include the due care not only of the "person injured or killed," but also of that person's servants or agents, nor to require as an affirmative defence proof of contributory negligence not only "on his or her part" but also on the part of his or her servants and agents. The statute is a complete reversal of the common law referred to and adopted in numerous statutes of the Commonwealth. It cannot be presumed that such a statute was intended to go beyond the purpose manifested by its words. Where the Legislature has intended to include the negligence or due care of a servant or agent as an element of proof or liability, it has expressed that intent by plain words. The statute under which the instant action by the administrator of Mrs. Curtis is brought is an illustration in point. St. 1906, c. 463, Part I, § 63, as amended by St. 1907, c. 392, § 1, and St. 1912, c. 354. Numerous other instances might be referred to. The omission of such words from the statute now under consideration gains added significance in the light of such other statutes. Confessedly Kaulback was not an employee of Mrs. Curtis, but of her husband. Therefore the charge went even further and directed

to the jury to make a presumption in favor of a person over whom the person injured was exercising a temporary control. The instruction given upon this point read into the statute a provision which is not there either by express terms or fair intendment.

All the exceptions of the defendant have been considered. So far as they have not been dealt with specifically, it is enough to say that the others do not require discussion in detail. The defendant fails to show other reversible error. The result is that the exceptions must be overruled in all the cases except that of Nelson Curtis, administrator, in which the exceptions must be sustained.

*So ordered.*