JOSEPH SLOWIK *vs.* UNION STREET RAILWAY COMPANY.

Bristol.     October 27, 1932. — February 25, 1933.

Present: RUGG, C.J., CROSBY, WAIT, DONAHUE, & LUMMUS, JJ.

*Negligence,* Fellow servant, Imputed, Contributory, Joint enterprise.

In an action of tort against a street railway company for personal injuries resulting from a collision between a street car of the defendant and a large, covered motor van operated by a fellow servant of the plaintiff, it appeared that the collision was due to the concurrent negligence of the driver of the van and of the motorman of the street car; that the plaintiff, at the time of the collision, was inside the van, engaged in the course of his employment in holding up the freight with which the van was loaded so that it would not fall; that the van was so constructed that the plaintiff from his position could see nothing of the driver or of the movements of the vehicle or of other traffic in the street; and that the duties of the driver and of the plaintiff were wholly distinct and separate. There was no evidence to show anything which would have indicated to the plaintiff that his entry into and riding in the van in the manner described would be likely to involve peril to him, or that the van had been operated previous to the accident in such a manner that the plaintiff should have taken active measures for his own safety. *Held,* that

(1) No relationship in any way resembling that of master and servant existed between the driver of the van and the plaintiff at the time of the accident;

(2) The plaintiff and the driver of the van were not engaged in a common enterprise in the driving of the van at the time of the accident, since they did not have an equal right to control its operation;

(3) The mere circumstance, that the plaintiff and the driver of the van were fellow servants, did not bar recovery in this action if the plaintiff was not guilty of contributory negligence;

(4) It could not properly be said that the plaintiff had negligently abandoned all care for his own safety to the driver of the van; and the driver's negligence was not to be imputed to the plaintiff;

(5) It was proper to refuse a ruling, requested by the defendant, that the "plaintiff, standing inside a closed van in a position where he is unable to see anything outside the van, is, as a matter of law, bound by the care of the person driving the van along a public highway and if the driver is negligent, the plaintiff cannot recover": such request omitted the element of the care exercised by the plaintiff;

(6) A finding for the plaintiff was warranted.

It *was stated* that the evidence at the trial of the action above described did not require a ruling that the plaintiff was guilty of contributory negligence.

Tort. Writ in the Third District Court of Bristol dated June 17, 1931.

The action was heard in the District Court by *Doran*, J. Material evidence and a ruling requested by the defendant and refused by the judge are stated in the opinion. The judge found for the plaintiff in the sum of $500.40, and reported the action to the Appellate Division for the Southern District. The report was ordered dismissed. The defendant appealed.

The case was submitted on briefs.

*T. F. O'Brien*, for the defendant.

*M. A. Goldberg*, for the plaintiff.

Donahue, J. A large, covered automobile van and a street railway car collided on a public highway through the concurrent negligence of the motorman and the driver of the van. The plaintiff, who was a fellow servant of the driver, was at the time of the collision inside the van, engaged in the course of his employment in holding up the freight with which the van was loaded so that it would not fall. The van was so constructed that the plaintiff from his position could see nothing of the driver or of the movements of the vehicle or of other traffic in the street. The duties of the driver and the plaintiff were wholly distinct and separate. The trial judge in the District Court found that it was impossible for the plaintiff to have seen or guarded against the accident. The defendant made the

following request for a ruling: "The plaintiff, standing inside a closed van in a position where he is unable to see anything outside the van, is, as a matter of law, bound by the care of the person driving the van along a public highway and if the driver is negligent, the plaintiff cannot recover." This request was denied as inapplicable to all the circumstances of the case and the judge made a finding for the plaintiff. In the Appellate Division an order was entered that the report of the trial judge be dismissed, and the defendant has appealed to this court.

Negligence of the defendant's motorman acting concurrently with that of the driver of the van caused injury to the plaintiff. Ordinarily and in sound reason, such a defendant should be required to compensate a plaintiff who was himself exercising adequate care. *Shultz* v. *Old Colony Street Railway*, 193 Mass. 309, 321. It is the defendant's contention that the plaintiff's injury, to the causation of which its employee contributed, should go uncompensated by it because of the fact that the driver of the van was also a negligent contributor. This contention, that the ordinary rule does not govern, to be sound must rest on some relationship existing between the plaintiff and the driver whereby, in the view of the law, wrongful conduct of the driver so affects the plaintiff's rights that the defendant is relieved from responsibility for the consequences of the negligence of its motorman.

No relationship in any way resembling that of master and servant existed between the driver of the van and the plaintiff at the time of the accident. Their duties were wholly distinct and separate. The operation of the motor van was delegated by their common employer entirely to the driver. Not only did the plaintiff have no right, but the performance of the duties in which he was engaged at the time of the accident afforded no opportunity, to direct or control the driver in the operation of the van. Nor can the doctrine of common or joint enterprise here have application as affecting the right of the plaintiff to recover for the negligence chargeable to the defendant, because the plaintiff and the driver did not have equality of right in the

direction or control of their respective acts or omissions. *Caron* v. *Lynn Sand & Stone Co.* 270 Mass. 340, 346. *Barry* v. *Harding*, 244 Mass. 588, 592. The plaintiff was not the guest of the driver, a relationship which as between guest and host has effect on their mutual rights and obligations. *Massaletti* v. *Fitzroy*, 228 Mass. 487. *Oppenheim* v. *Barkin*, 262 Mass. 281. *Laffey* v. *Mullen*, 275 Mass. 277. Its effect on the rights of a guest against a negligent third person is referred to later. The only relationship existing between the plaintiff and the driver of the van is that, although their duties were sharply differentiated, they were fellow employees. The mere existence of that relation does not bar recovery by one employee, who exercised proper care, against a negligent third person even though his fellow employee was also negligent. *Donoghue* v. *Holyoke Street Railway*, 246 Mass. 485. *Salisbury* v. *Boston Elevated Railway*, 239 Mass. 430.

There was here no such relationship between plaintiff and driver, either permanent or temporarily existent at the time of the accident, as to bar the plaintiff from recovery against the defendant if the plaintiff was personally in the exercise of due care. Since the plaintiff was not in a position to observe the driver's conduct in the operation of the van or the constantly changing conditions and problems of traffic which confronted the driver, we need not here discuss the obligations of the plaintiff as to the use of care if he had been so placed. There was no evidence that prior to the instant of the accident the van had been driven in such an erratic, improper or dangerous manner perceptible to one in the plaintiff's position that the obligation was thereby put upon him to take active measures for his own safety. Only a second or two intervened between the driver's act of negligence and the collision and there is no basis for a finding that the plaintiff's actual conduct while riding within the van was lacking in due care.

The defendant in its request in effect contends that the mere fact that the plaintiff was riding in a position where he was necessarily unable to see anything outside the van, however careful he might be, gives the defendant immunity from

liability for the consequences of its motorman's negligence however great. Conceivably there might be circumstances indicative of future danger which would make it negligent for one to enter and ride in a vehicle where he could see nothing outside. No such circumstances are here presented. There is nothing to show that the driver was inexperienced, habitually careless or reckless, or physically or mentally incompetent, and nothing to indicate to the plaintiff upon his entry into the van that it was to be operated in a place of known or unusual danger or in a manner likely to involve peril. It is not the mere surrender of all care by a rider in a vehicle to the care and caution of its driver who acts negligently which relieves the negligent driver of another colliding vehicle from legal responsibility. The negligent surrender of all care may have that result.

Although the plaintiff was not riding gratuitously as a guest, he was certainly in no worse position than if he were a guest in suing a third person for negligently causing him injury. Where "an adult person . . . personally in the exercise of that degree of care, which common prudence requires under all the attending circumstances, is injured through the negligence of some third person and the concurring negligence of one with whom the plaintiff is riding as guest or companion" (where no special relationship exists), he "is entitled to recover against the one through whose wrong his injuries were sustained." *Shultz* v. *Old Colony Street Railway*, 193 Mass. 309, 322, 323. A guest who has "negligently abandoned" the exercise of his own faculties and trusted entirely to the care and caution of the driver may thereby be barred from recovery. *Lambert* v. *Eastern Massachusetts Street Railway*, 240 Mass. 495, 500. *Shultz* v. *Old Colony Street Railway*, 193 Mass. 309, 323. *Barry* v. *Harding*, 244 Mass. 588, 593. *Oppenheim* v. *Barkin*, 262 Mass. 281, 284. The last cited case does not involve the rights of a plaintiff riding in one vehicle against the negligent driver of another since it was an action by guest against host, but the rule that in an action against a third person the surrender of all care in order to bar the plaintiff must be a negligent surrender is recognized and stated. Further-

more it has been held that the surrender by a mere guest of all care for his own safety to the care and caution of the driver unless it is "voluntary" and "unconstrained" does not bar him from recovering for the negligence of a third person. See *Shultz* v. *Old Colony Street Railway*, 193 Mass. 309, 323. Where guests are "so situated as to be obliged to trust everything to the driver of the vehicle in which they are riding," *Ingalls* v. *Lexington & Boston Street Railway*, 205 Mass. 73, 76, "there is in the absence of special contract no voluntary and unconstrained surrender of all care by the guest to the caution of the driver." *Bullard* v. *Boston Elevated Railway*, 226 Mass. 262, 265. *Griffin* v. *Hustis*, 234 Mass. 95, 100. The plaintiff here, bearing no relation to the driver which in itself could affect his rights against a third party if the driver was negligent, was in the situation just described. In the absence of evidence of negligence on his part in getting there or in staying there he is not barred from recovery against the defendant.

The finding in favor of the plaintiff necessarily included the finding that the plaintiff was not lacking in due care. The evidence, to say the least, did not require the judge to conclude that the plaintiff's conduct either in entering the van and there taking the position that he did or while riding in that position up to the time of the collision was not that of a person of ordinary prudence under the circumstances. The evidence warranted the trial judge's finding in favor of the plaintiff. There is nothing contrary to the conclusion here reached in *Fogg* v. *New York, New Haven & Hartford Railroad*, 223 Mass. 444, or in other cases cited by the defendant. Taking the *Fogg* case as typical of others it is to be noted that in that case there was no evidence that the plaintiffs' intestate exercised any care. When the court says (page 448), "If Mrs. Fogg trusted to the care and caution of her husband, her administrator cannot recover," it is speaking of one in full possession of her faculties and with opportunity for observation and action who in a dangerous situation, affirmatively calling for personal care on her part, exercised none; in other words a situation where it would manifestly be negligent wholly to abandon all care to the caution her

husband might see fit to employ. This does not state the rule that the mere fact of abandonment of all care, regardless of the care exercised by the plaintiff's intestate, is a bar to recovery. The defendant's request in the present case which makes no reference to the care employed by the plaintiff was rightly denied.

*Order dismissing report affirmed.*