ANTHONY DELUCA *vs.* BOSTON, REVERE BEACH AND LYNN RAILROAD COMPANY.

Suffolk. December 15, 1932. — March 29, 1933.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Negligence,* Contributory, Of guest.

At the trial of an action brought against a railroad corporation by one riding in an automobile as a guest, for personal injuries sustained when the automobile was struck at night by a train of the defendant at a grade crossing, there was evidence that the plaintiff was not familiar with the locality and did not know that there was a grade crossing at the place of the accident; that fences along the street and along the railroad location prevented the plaintiff from seeing the approaching train; that there was a sign about eight feet from the tracks to warn travellers of the crossing, which could not be seen by one riding in an automobile fifty feet or less from the crossing because the top of the automobile would obscure his view; that the highway conditions at the crossing as to light were "very poor," "very dark, gloomy"; that the gates at the crossing were up; that no bell, whistle or other warning signal was sounded by the engineer of the train within three hundred feet of the crossing; and that the plaintiff had not previously ridden with the operator of the automobile, and was looking straight ahead and watching the road. *Held,* that

(1) A finding was warranted that the plaintiff did not rely entirely on the care exercised by the operator of the automobile;

(2) A finding was warranted that the plaintiff was not guilty of contributory negligence.

Tort. Writ dated February 4, 1929.

The action was tried in the Superior Court before *Bishop*, J. Material evidence is stated in the opinion. Subject to leave reserved under G. L. (Ter. Ed.) c. 231, § 120, a verdict for the plaintiff in the sum of $6,900 was recorded. The judge thereafter ordered entered a verdict for the defendant. The plaintiff alleged an exception.

*H. W. Sullivan*, (*E. J. Casey* with him,) for the plaintiff.

*L. Wheeler, Jr.*, for the defendant.

Pierce, J. This is an action of tort to recover for personal injuries and property damage, sustained by the plaintiff by reason of a train of the defendant colliding with a sedan automobile in which the plaintiff was riding as a guest of the driver. The accident occurred at a grade crossing of the defendant railroad at Shepard Street, a public highway in Lynn, Massachusetts, on November 6, 1928, at about seven o'clock in the evening. "The defendant in open court admitted negligence, but not gross negligence or wilful misconduct, and admitted that the gates were not put down as the automobile in which the plaintiff was riding approached the crossing." At the close of the evidence, with the admission of the defendant's negligence as above limited, the defendant presented a motion for a directed verdict in its favor. The judge denied the motion and the defendant duly excepted.

After the denial of the motion, the trial judge put the following questions to the jury, over the defendant's exceptions: (1) Did the plaintiff, as he rode along Shepard Street, rely entirely upon the care and caution of Carcione, the driver of the automobile? The jury answered, No. (2) If the plaintiff had looked to his left at any time before the automobile reached the crossing, could he have seen the approaching train? The jury answered, No. The jury returned a verdict for the plaintiff on both counts. Under

leave reserved the judge ordered to be entered a verdict for the defendant. The case is before this court on exceptions duly saved by the plaintiff to this order.

The defendant has not prosecuted its exceptions to the denial of its motion nor to the submission of the special questions of fact to the jury.

The facts shown by the record in their aspect most favorable to the plaintiff, which the jury with propriety might have found, are in substance as follows: The plaintiff lived in Boston; about a week before the accident he had visited one Carcione at his house on Harbor Street, Lynn. He went to Lynn by way of the defendant's railroad, thence from the Lynn station to Carcione's house, and returning took the defendant's train to Boston from the Lynn station. Before the accident he had never been over the crossing and did not know there was a crossing at the place of the accident on Shepard Street. On the night of the accident he went from Boston to Lynn, got off at the Lynn station, walked to Carcione's house, and, after visiting there, got into a sedan automobile which was driven by Carcione until the accident, and sat on the driver's right, on the front seat. He had not ridden with nor been driven by Carcione before and did not know how long he had been driving an automobile. Harbor Street runs parallel with the railroad and is distant therefrom about two hundred twenty-six feet on the north side of the railroad, but the crossing is not visible from Carcione's house. After getting into the automobile it was driven along Harbor Street, then turned into Shepard Street and thence proceeded to the place of the accident at a speed of "a brisk walk," i.e., four to six miles an hour. Shepard Street is straight from Harbor Street to the railroad, and it did not take the automobile more than two minutes to go from Carcione's house to the point of the accident. As the automobile was driven along Shepard Street the plaintiff did not "see anything," did not "hear any whistles, gongs or bells" nor see "any lights coming from . . . [his] right hand side" nor, inferentially, from his left hand side; he was "watching out"

for himself, he "was looking straight ahead" and "watching the road," and did not see the railroad train and did not know there was any railroad crossing.

On the left hand side of Shepard Street as the crossing was approached, there was a seven-foot fence consisting of boards six inches wide, with pointed tops about an inch thick, and there were about two inches of space between the boards. A six-foot fence of solid boards runs parallel with the railroad. There was a gap, the width of which was not shown by the record, in the picket fence, something over one hundred feet from the crossing toward Harbor Street. Respecting this gap, it must be noted that the jury found that if the plaintiff had looked to his left at any time before the automobile reached the crossing, he could not have seen the approaching train. The finding of the jury is supported by the testimony of the motorman of the defendant's train to the effect that he "could not see the automobile," that all he "could see was the reflection" of its lights between the boards of the fence; and by the fact that the plaintiff in his seat in a moving automobile would not be likely to perceive the gap as it was passed. On the right hand side of Shepard Street coming from Harbor Street toward the crossing at about eight feet from the nearest railroad rail, there was a sign at the top of a pole about twenty feet high which read in large lettered words: "Railroad Crossing" and on the side of it, "Look out for the Engine." On the other side of the railroad tracks near the shanty of the crossing tender there was a similar sign board with a similar legend. On the gate nearest Lynn on the Harbor Street side of the crossing, there was a lighted lantern at the time of the accident and the gate was up. There were no other signs within three hundred feet of each side of the railroad and there were no street lights for two hundred feet on either side of the crossing, and the highway conditions at the crossing as to light were "very poor" "very dark, gloomy." At a distance of fifty feet or nearer from that sign, a person in an automobile could not read the upper part of the sign without stooping

down, for the reason that the top of the automobile obscured the view.

At the trial it was not disputed that the defendant was incorporated as a railroad corporation or that the train which struck the plaintiff was operated by it. It was admitted that the automobile in which the plaintiff was riding was duly registered and that the driver was duly licensed. It was also admitted, or there was evidence tending to prove, that in November, 1928, the defendant employed a crossing tender or gateman at the crossing at Shepard Street; that he had been employed in that capacity for four and one half years; that the gates were maintained during all this time; that the duty of the gateman was to lower the gates on the approach of a train; that he was supposed to receive a signal in his shanty from the towerman of the approach of trains; that irrespective of electric signals it was his duty to be outside the shanty to lower the gates when the trains came; that he did not lower the gates on the occasion of the accident; that he was inside his shanty, despite the fact that both an inbound and an outbound train were overdue. It was further in evidence that he did not receive a signal from the towerman to lower the gates although there was no mechanical defect in the signal and it was operated immediately before and immediately after the accident. He testified that he did not go out and lower the gates because he was depending on his hearing and sight by looking through the windows of his shanty each way, and that the train which collided with the automobile was "Between thirty and forty feet from the crossing"; that he jumped to the door of the shanty as quickly as possible, grabbed the gates and started them down; that seeing he was going to strike the hood of the automobile, it was too late to stop the automobile and he let the gate go back; that he first saw the light of the train after it came around the curve about three hundred feet away. It was in evidence that the train came around the curve at about thirty-five miles per hour and that the speed did not change. Although contradicted by the defendant,

it was in evidence, and the jury warrantably could find, that a person seated in a sedan automobile of the description of the one in which the plaintiff was riding, could see, when his eye was about six feet from the front of the rail, "about fifty feet from the crossing, the sidewalk down towards the Lynn depot." The jury on the evidence could have found that between the curve three hundred feet from the crossing to the crossing no bell, siren or other signal or whistle was sounded.

On the foregoing facts the burden of proof was upon the defendant to establish that the plaintiff was guilty of contributory negligence. G. L. (Ter. Ed.) c. 231, § 85. In answer to a special question the jury found that the plaintiff did not "rely entirely upon the care and caution of Carcione, the driver of the automobile," "as he rode along Shepard Street." The evidence warranted that finding. It follows, the defendant's negligence being conceded and warranted by the evidence, that the issue is whether on the facts as they properly could be found by the jury the plaintiff as matter of law was guilty of contributory negligence. We think the decision is governed by the principles of law applicable to passenger guests as stated in *Shultz* v. *Old Colony Street Railway*, 193 Mass. 309, 321–323, and in *Bullard* v. *Boston Elevated Railway*, 226 Mass. 262, 264, 265. Our conclusion is that the jury were warranted in finding that the plaintiff was not guilty of contributory negligence. It results that the exceptions must be sustained, and, as the case has been fully tried on its merits, that judgment should be entered for the plaintiff on the verdict; it is

*So ordered.*