ANTON HABERGER *vs.* RUSSELL .E. CARVER.

SAME *vs.* CELIA M. PERRY.

JOHN ALBA *vs.* SAME.

Suffolk.   Plymouth.   May 11, 12, 1937. — June 10, 1937.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & QUA, JJ.

*Negligence,* Imputed, Toward prisoner, Of prison officer.   *Public Officer.*

Negligence in the operation by an officer of the State Farm of his own automobile while he was transporting a handcuffed prisoner in the course of his duty was not imputable to the prisoner so as to bar his · recovery against the operator of another automobile for injury sustained in a collision between the automobiles caused also by the negligence of the other operator.

An officer of the State Farm was not liable for injury to a prisoner caused by negligent operation of an automobile while he was transporting the prisoner in the course of his duty.

THREE ACTIONS OF TORT. Writs in the first and second actions in the Municipal Court of the Roxbury District of the City of Boston dated January 21, 1935, and December 24, 1934, respectively. Writ in the third action in the Superior Court dated October 4, 1935.

On removal of the first two cases to the Superior Court, the three cases were heard together without a jury by *Hanify,* J., who found for the plaintiffs in the sums of $2,143, $2,143, and $500 respectively. The defendants alleged exceptions.

*John J. Sullivan,* (*D. H. Rider* with him,) for the defendant Carver.

*R. H. Willard & A. S. Allen,* for the defendant Perry, submitted a brief.

*J. Goldberg,* (*S. Eisenstadt* with him,) for the plaintiff Haberger.

PIERCE, J. The above entitled actions of tort were tried together before a judge of the Superior Court sitting without a jury. The judge made the following findings: "The plaintiffs were injured by being thrown from an automobile owned and operated by the said Carver by reason of a collision between said automobile and another automobile operated by the defendant Perry. The collision occurred at the intersection of Bedford and Auburn streets in the town of Whitman, in this Commonwealth, on October 15, 1934, at about 5:15 P.M. Bedford Street runs north and south and is intersected and crossed by Auburn Street which runs substantially east and west. At the northwest corner of said streets set back about twenty-five feet from each of said streets is located a building known as the 'Toll House,' which to some extent obstructs the view of operators of automobiles approaching said intersection from the north on Bedford Street and from the west on Auburn Street. At said time the weather was clear and the roads dry. On said date and for some time prior thereto the plaintiffs were prisoners serving sentences at the State Farm at Bridgewater. The superintendent of said institution, by virtue of writs of habeas corpus issued by the Superior Court . . . [for the county of Suffolk], was commanded to have the body of each plaintiff under safe and sure conduct before the Superior Court holden at Boston, for the transaction of criminal business on October 15, 1934, to testify in the case of Commonwealth against one Jordan and immediately thereafter to return each plaintiff to said prison under safe and secure conduct. The superintendent directed the defendant Carver, who was then a prison officer at said State Farm, to take the plaintiffs to Boston and to return them in obedience to the requirements of the writs. Automobiles of the Commonwealth were otherwise engaged at

the time and the superintendent told Carver to use his (Carver's) automobile in conveying the prisoners, which he did. On the journey the plaintiffs were placed in the rear seat together, each being handcuffed to the other. The defendant Carver operated his own automobile and was accompanied by another officer who sat alongside of him in the front seat. Carver drove the two prisoners to Boston and after attendance at court placed them in the rear seat of his automobile, handcuffed as aforesaid, and with the accompanying officer started for the State Farm. Immediately prior to the collision Carver was operating his automobile in a southerly direction on said Bedford Street and entered its intersection with said Auburn Street at a rate of speed of twenty-five miles per hour and proceeded to cross without slackening the speed of his automobile or applying its brakes before the collision. The automobile of the defendant Perry was proceeding easterly on Auburn Street just prior to entering the intersection at a rate of speed between fifteen and twenty miles per hour and on entering the intersection she increased the speed of her automobile substantially and came into contact with the right side of the automobile of Carver within the intersection. Neither operator gave any warning signal of approach to the other. There was a failure on the part of each operator to look carefully and reasonably to anticipate and guard against the danger of a collision. The defendant Perry was negligent in accelerating the speed of her automobile on entering said intersection and in failing to see the automobile of the defendant Carver in time to avoid a collision. The defendant Carver was negligent in failing to observe seasonably the proximity of the automobile of the defendant Perry and in proceeding across said intersection at a rate of speed of twenty-five miles per hour. The defendant Carver had used his automobile on prior occasions to transport prisoners for which he received from the county compensation at the rate of six cents per mile and on this occasion he expected to receive such compensation for the use of his automobile, but after the accident on advice he made no effort to collect it. Each plaintiff was in the exercise of due care and by

reason of said collision was thrown from the automobile in which he was riding onto the ground, whereby he sustained certain injuries to his person."

At the conclusion of the evidence the defendant Carver duly filed a motion in writing that the judge, as a matter of law, find for the defendant on each count of the plaintiff's declaration, and also filed the following requests for rulings of law: (1) "That on all the evidence the plaintiff is not entitled to recover"; (2) "That on all the evidence the plaintiff is not entitled to recover under count 1 of the plaintiff's declaration"; (3) "That on all the evidence the plaintiff is not entitled to recover under count 2 of the plaintiff's declaration"; (4) "The defendant at the time of the accident was a State officer acting in the performance of his duty, having the plaintiff in his official custody for transportation, and therefore the defendant is not liable to the plaintiff even though the defendant may have been negligent in the operation of his automobile"; (5) "The plaintiff had no status as a passenger either for hire or gratuitously"; (6) "The plaintiff was not a passenger for hire in the automobile at the time of the accident"; (7) "The plaintiff was not a guest in the automobile at the time of the accident"; and (8) "That on all the evidence the plaintiff is not entitled to recover on count 3 of the plaintiff's declaration." The judge gave the requests for rulings numbered 2, 3, 5, 6 and 7, and refused to give those numbered 1, 4 and 8.

In the action against Carver, count 1 alleged gross negligence of the defendant in the operation of an automobile. This count was waived by the plaintiff in open court. Count 2 alleged, among other things, that the plaintiff "was a passenger for hire in the defendant's [Carver's] automobile." The declaration was amended by adding count 3, which in substance is the same as count 2 except for the omission of the words "for hire."

The declaration in the action against Celia M. Perry by Haberger alleged, in substance, that on October 15, 1934, the plaintiff "was riding in an automobile which was being

operated in Whitman, Massachusetts. That on said date, the defendant so carelessly and negligently operated her automobile that at the junction of Bedford and Auburn streets, duly constituted highways in Whitman, Massachusetts [it] collided with the automobile in which the plaintiff was riding, causing serious injuries to him." The defendant's answer contained a general denial and an allegation of contributory negligence on the part of the plaintiff. At the close of the evidence the defendant Perry seasonably presented the following requests for rulings in each of the actions against her: (1) "Upon all the evidence the plaintiff cannot recover"; (2) "If all of the facts relating to the plaintiff's conduct in connection with the accident are disclosed by the evidence, there is no presumption that he was in the exercise of due care"; (3) "If all of the facts relating to the plaintiff's conduct in connection with the accident are disclosed by the evidence, the statutory presumption that he was in the exercise of due care no longer operates in his favor"; and (4) "If Carver, the operator of the car in which the plaintiff was riding, was negligent, and Carver's negligence contributed to the causing of the accident, the plaintiff cannot recover." The judge found that each plaintiff "was in the exercise of due care and by reason of said collision was thrown from the automobile in which he was riding on to the ground, whereby he sustained certain injuries to his person." He granted the defendant's requests, above quoted, for rulings numbered 2 and 3, and refused to give her requests for rulings numbered 1 and 4.

The judge found for the plaintiff in the action against Carver on count 3 of his amended declaration, and found for each plaintiff as against the defendant Perry.

The defendant Perry duly excepted to the court's refusal to give the above requests numbered 1 and 4. These requests for rulings were based entirely upon the undisputed fact that the plaintiffs were riding, when injured, as prisoners under the exclusive control of the defendant Carver and the police officer who accompanied him, and not as guests of Carver; and upon the contention that Carver's

negligence, as a matter of law, was imputable to the plaintiffs. It is obvious that this contention of the defendant Perry is unsound. There is no evidence in the case, and the defendant Perry does not aver, that the plaintiffs, prisoners being taken to the State Farm, had any control or right of control over Carver, the prison guard, with whom the plaintiffs were riding at the time of the collision with Perry's automobile. The plaintiffs were prisoners of Carver, riding in Carver's automobile with their hands involuntarily handcuffed. The evidence did not require, even if it warranted, a finding that the plaintiffs, at or before the collision, had surrendered all care and caution which they could have exercised to Carver. As there is no evidence to support a finding that the status of Carver and the plaintiffs at the time of the collision was that of master and servant, or principal and agent, or of persons engaged in a joint enterprise, the negligence of Carver was not imputable to the plaintiffs. The cases against Perry are governed by *Shultz* v. *Old Colony Street Railway*, 193 Mass. 309, 322, *Bullard* v. *Boston Elevated Railway*, 226 Mass. 262, 265, and *Slowik* v. *Union Street Railway*, 282 Mass. 249, 253. The defendant's requests numbered 1 and 4 in the actions against Perry were denied rightly, and the exceptions to their denial are overruled.

Respecting the action against Carver, the judge ruled that the plaintiff's status was anomalous, in that he was neither a guest nor a passenger riding for hire or gratuitously. These rulings were not challenged by the plaintiff or the defendant, and consequently became the law of the case. *Langley* v. *Boston Elevated Railway*, 223 Mass. 492. The defendant, at the time of the collision, was acting under orders of the superintendent of the State Farm, a public officer, to convey the plaintiff to Boston and to return him to the State Farm as directed by the Superior Court in its writ of habeas corpus *ad testificandum*. It is quite immaterial that the automobile which the defendant used to transport the persons named in the writs was owned by the defendant or that he expected to receive compensation for

its use. He was using his own automobile in the line of his duty, and was more than a mere employee, as the plaintiff contends, of the superintendent of the State Farm. Under the provisions of G. L. (Ter. Ed.) c. 125, § 4, he was a subordinate officer appointed by the superintendent subject to the approval of the commissioner of correction. The rights of the plaintiff against the defendant were those of a prisoner serving his sentence, and the duties of the defendant as an officer conveying the plaintiff to Boston and return under the writ of the Superior Court were no greater outside than within the prison. The action against Carver is governed by *Williams* v. *Adams,* 3 Allen, 171, and *O'Hare* v. *Jones,* 161 Mass. 391. The defendant's request numbered 4 for a ruling that "The defendant at the time of the accident was a State officer acting in the performance of his duty, having the plaintiff in his official custody for transportation, and therefore the defendant is not liable to the plaintiff even though the defendant may have been negligent in the operation of his automobile," should have been given, as should the defendant's request numbered 1 which reads: "That on all the evidence the plaintiff is not entitled to recover." The defendant was further entitled to his request numbered 8 which reads: "That on all the evidence the plaintiff is not entitled to recover on count 3 of the plaintiff's declaration."

In the opinion of a majority of the court it results that the exceptions in the action against Russell E. Carver are sustained, and judgment is to be entered for the defendant. It also results that the exceptions in the actions against Celia M. Perry are overruled.

*So ordered.*