ABRAHAM ELFMAN *vs.* FRANK KRONENBERG.

Suffolk.     January 4, 1938. — February 28, 1938.

Present: RUGG, C.J., DONAHUE, QUA, DOLAN, & COX, JJ.

</div>

*Negligence,* Contributory.   *Evidence,* Presumptions and burden of proof.

Under G. L. (Ter. Ed.) c. 231, § 85, the question, whether there was sufficient evidence to warrant a finding of the plaintiff's contributory negligence and the submission of that issue to the jury in an action for personal injuries, was one of law.

In the absence of evidence showing that one riding in the rumble seat of an automobile had any reason to distrust the skill or to protest against the conduct of the driver, it was error to submit to a jury the question, whether negligence of the passenger contributed to a collision with another automobile which occurred almost immediately after he entered the automobile and which could have been found due to the negligence of both drivers.

TORT. Writ in the Superior Court dated July 15, 1933.

A verdict for the defendant was returned before *Hurley,* J. The plaintiff alleged exceptions.

*A. S. Allen,* for the plaintiff.

*K. C. Parker,* for the defendant.

DOLAN, J. This is an action to recover for personal injuries sustained by the plaintiff as a result of a collision of automobiles on November 2, 1932, at or near the intersection of Cross and Lansdowne streets, public highways in the city of Cambridge.

The defendant filed an answer containing a general denial and an allegation that the plaintiff was guilty of contributory negligence.

The case was tried to a jury and a verdict was returned for the defendant. There was evidence which would warrant the jury in finding that both the defendant and Emond (who was the owner and operator of the vehicle in which the plaintiff was riding as a guest) were negligent. The only question presented for our consideration is whether there was sufficient evidence which made it proper for the judge to submit to the jury the question whether the plaintiff negligently abandoned the exercise of his own faculties and trusted entirely to the care and vigilance of the driver. No contention is made that the instructions of the judge to the jury as to this subject matter did not correctly state the law.

Emond, one Johnson and the plaintiff were fellow workers at a factory on Albany Street in the city of Cambridge. On the day of the accident, when they had finished their work, Johnson entered Emond's roadster and sat beside him; the plaintiff entered and sat in the rumble seat. The vehicle was driven by Emond "right up" to Cross Street, which is a highway about forty feet wide leading into Lansdowne Street. There was an automobile parked on the corner of Cross and Lansdowne streets to the right of Emond's roadster, which obscured his vision of what was going along Lansdowne Street until he got by. He had to swing over to get around the parked automobile and the left wheel of his roadster was over the middle of the way.

He was travelling slowly as he was making the corner. The defendant's automobile was approaching at a rate of speed of about fifteen miles an hour. It was also over to the left of the middle of the way, and collided with Emond's automobile, striking the radiator. At that time Emond's vehicle had stopped. Emond and the defendant left their respective vehicles and engaged in conversation. The defendant said: "I am sorry this happened. A fellow hailed me up there at the corner and I took my eyes off the road for an instant and I didn't see you." The plaintiff testified that he had entered Emond's automobile and that when the vehicle started to swing around the corner of Cross and Lansdowne streets, and before he had a chance to settle down in his seat, the accident happened. The first thing he "saw or heard or felt" to indicate that an accident had happened was that he thought he had lost his eye. He thought he had gone blind. There was a "smash" and his eye was cut. He guessed he was seated. He left the vehicle after he "got light again in the eye." He testified to various injuries to one of his eyes and a broken nose.

There was no evidence of any facts which would warrant findings that the plaintiff had reason to distrust Emond's skill as a driver, or of any conduct on the part of the latter that would require the plaintiff to object to or protest against it. Emond was driving slowly as "he was making the corner." There was no evidence that the plaintiff saw or could have seen the impending danger. Seated as he was in the rumble seat of the roadster, he was so situated as to be obliged to trust in large part to the driver. In this respect he cannot be said to have been better off than he would have been if seated in the rear seat of a limousine as was the case in *Bullard* v. *Boston Elevated Railway*, 226 Mass. 262, 264. See also *Ingalls* v. *Lexington & Boston Street Railway*, 205 Mass. 73, 76. *Slowik* v. *Union Street Railway*, 282 Mass. 249, 254. *Haberger* v. *Carver*, 297 Mass. 435, 440.

The burden of proof was on the defendant to establish contributory negligence on the part of the plaintiff. G. L. (Ter. Ed.) c. 231, § 85. Under that statute the plaintiff is

presumed to have been in the exercise of due care. In such circumstances it becomes a question of law whether there is sufficient evidence to warrant the submission of that question to the jury. *Bullard* v. *Boston Elevated Railway*, 226 Mass. 262, 265. *DeLuca* v. *Boston, Revere Beach & Lynn Railroad*, 282 Mass. 331, 336. The case is not one which presents any point as to the effect of the statute just referred to where there is conflicting evidence. We are of opinion that there was not sufficient evidence in the present case to warrant submitting to the jury the question whether the plaintiff was guilty of contributory negligence. The entry, therefore, will be

*Exceptions sustained.*