LUDGER BRULE *vs.* UNION STREET RAILWAY COMPANY
(and a companion case [1]).

Bristol.    October 28, 1943. — December 28, 1943.

Present: FIELD, C.J., DONAHUE, DOLAN, COX, & RONAN, JJ.

*Negligence,* Street railway: collision with vehicle;  Use of way;  Contributory.  *Law of the Road.*

Although at an intersection a street car in the circumstances had the right of way over an automobile which the motorman observed approaching on the intersecting street, a conclusion that the motorman was negligent was warranted by findings that the street car and the automobile collided when the motorman, instead of avoiding the collision by stopping the street car, which he could have done, went ahead slowly to cross the intersection in the belief that the operator of the automobile would yield the right of way.

Findings merely that a passenger in an automobile operated by another was intoxicated and did not observe the approach of a street car at an intersection until an instant before it collided with the automobile through negligence of both the motorman and the operator of the automobile, but that there was nothing the passenger could have done to avert the collision, did not warrant a conclusion that the passenger was guilty of negligence contributing to injuries sustained by him in the collision.

---

[1] The companion case is Louis Monty *vs.* Union Street Railway Company.

TWO ACTIONS OF TORT.   Writs in the Third District Court of Bristol dated September 21, 1940.

Upon removal to the Superior Court the cases were heard by an auditor and by *Hurley*, J., upon the auditor's report. The judge ordered judgment for the defendant in each case and reported the cases.   In this court the cases were submitted on briefs.

*M. M. Lyons*, for the plaintiffs.

*T. F. O'Brien & G. P. Walsh*, for the defendant.

DOLAN, J.   These are two actions of tort to recover compensation for personal injuries sustained by the plaintiffs as a result of the collision of a street car of the defendant with an automobile in which the plaintiffs were riding at the time of the collision.

The cases were referred to an auditor whose findings of fact were not to be final.   The material findings of fact of the auditor may be summed up as follows: On August 18, 1940, at about 6:30 P.M., the plaintiffs were riding as passengers in an automobile owned and operated by one Jussaume.   The vehicle was being driven in an easterly direction on Locust Street in New Bedford at a speed of about thirty miles an hour.   As "it reached the intersection of Summer Street ·. . . [Jussaume] slowed down as he proceeded through the intersection."   The street car of the defendant had entered the intersection "ahead of" the automobile at a speed of about eight miles an hour.   Jussaume either did not see the street car or was endeavoring to cross the intersection "ahead" of it.   The operator of the street car observed the approach of the automobile when it was fifty feet away from the intersection, and believed that the operator of the automobile would give him the right of way and would not attempt to cross in front of him.   The street car had reached the middle of the intersection when it came into collision with the automobile, which was proceeding through the intersection without changing its course or "further slackening" its speed.   As a result of the collision, the automobile was pushed sideways over to the southeast corner of the intersection, facing in a northeasterly direction.   The street car came to a stop about three feet from

the point of collision with its left front end resting against the left side of the automobile. There was no other vehicular traffic approaching the intersection, and nothing to obstruct the view of either operator. It was still daylight, the weather was clear, and the roadway was smooth and dry. Both ways at the intersection are approximately twenty-five feet wide. The street car rails are in the center of Summer Street, extending north and south across Locust Street. Although the driver of the automobile was clearly negligent in failing to see and grant the right of way to the street car, and such failure was a contributory cause of the collision, the operator of the street car "was also negligent in failing to exercise the care of a reasonably prudent and careful operator in approaching and crossing the intersection under the circumstances as they were known to him; . . . his failure to exercise that care was a contributing cause of the collision; . . . his insistence on his technical right of way under the existing circumstances was a contributing cause of the accident; . . . he could have brought his car to a stop and have avoided the collision." The auditor also found that, at the time of the accident, both plaintiffs were in an intoxicated condition and neither saw nor heard the approach of the electric car until the instant before the collision occurred, but he stated that he was not satisfied that these facts showed that the plaintiffs failed to exercise proper care for their own safety, or that they were causally related to or contributed to the accident, or that there was anything in the existing circumstances that they could have done to avert the collision. He further found, as a fact upon all the evidence, that the plaintiffs sustained personal injuries and consequential damages as a result of the concurrent negligence of both operators and were entitled to recover compensation for said injuries and damages; and that "there is a causal connection between the" plaintiffs' "injuries and the negligent conduct of the operator of the street car of the defendant." It is unnecessary to recite the findings of the auditor as to the nature of the injuries sustained by the plaintiffs and the amounts to which he found they were entitled as damages.

Following the filing of the auditor's report the cases came

on for hearing before the judge; the parties waived their right to jury trial and no evidence other than the auditor's report was presented to the judge. Each of the parties filed a motion for judgment upon the auditor's report. The judge found the facts to be as stated in the auditor's report except as follows: "Upon the subsidiary findings of the auditor and the reasonable inferences which . . . [he, the judge, had] drawn therefrom, . . . the plaintiffs were not in the exercise of due care and . . . their negligence contributed to the happening of the accident," and ordered "that the plaintiff's motion for judgment on the auditor's report in each case be and the same is denied, and that the defendant's motion for judgment on the auditor's report in each case be and the same is allowed." At the request of the parties he reported his decision for the determination of this court, with provisions that if his ruling was correct judgment should be entered for the defendant in each case, but that if he was in error in ordering judgment for the defendant in each case judgment should be entered for the plaintiff in each case in a stated sum.

The contentions of the defendant are that "the evidence was insufficient as a matter of law to support a finding of negligence on . . . [its] part," and that, notwithstanding the findings of the auditor that the plaintiffs were not guilty of contributory negligence, the judge was warranted in finding upon the subsidiary findings of the auditor and the reasonable inferences therefrom that the plaintiffs were so guilty.

In the present cases it was not agreed that the auditor's findings of fact should be final, and the only evidence before the judge was the auditor's report. The force and effect of an auditor's report where his findings of fact have not been agreed to be final are fully discussed in *Cook* v. *Farm Service Stores, Inc.* 301 Mass. 564, with citation of authorities. The auditor's finding that the operator of the street car was negligent and that his negligence was a contributing cause of the collision was evidence binding upon the judge unless some subsidiary or specific fact found by the auditor with relation to this subject matter was so inconsistent with this general or ultimate finding that as matter of law they could

not stand together. There was no evidence from without the report to deprive the ultimate finding of the auditor of its evidential force, and in our opinion none from within the report warranted a finding to the contrary. See *Cook* v. *Farm Service Stores, Inc.* 301 Mass. 564, and cases cited. The auditor found that the defendant had the right of way and continued to proceed through the intersection in reliance upon the probability that the operator of the motor vehicle would respect it; that the operator of the street car was negligent in failing to exercise the care of a reasonably prudent and careful operator in his insistence on his right of way in the circumstances found by the auditor; and that he could have brought his car to a stop and have avoided the collision. It is settled that, even though the street car had the right of way, as found by the auditor (see G. L. [Ter. Ed.] c. 89, § 8; *Obrey* v. *McCarthy*, 305 Mass. 83), and its operator could rely to a reasonable extent upon the expectation that the driver of the automobile would exercise due care, the operator could not rest exclusively on that assumption and proceed across the way unmindful of attending circumstances which might imperil not only his own safety but that of others as well. *Avery* v. *R. E. Guerin Trucking Co. Inc.* 304 Mass. 500. The right of way is not an absolute or exclusive right in all conditions, and one is not thereby relieved of the general duty to exercise due care to avoid injury to others and harm to himself. Due care required him to look for approaching vehicles and to make reasonable efforts to avoid a collision. *Bresnick* v. *Heath*, 292 Mass. 293. In the instant cases the attendant circumstances found by the auditor support his conclusion that the operator of the defendant's street car was negligent and that his negligence was a contributing cause of the collision. In adopting the findings of the auditor upon the issue of the defendant's negligence the judge did not err.

The subsidiary and ultimate findings of the auditor do not warrant a finding that the plaintiffs who were riding as guests of Jussaume in his automobile (see *Bessey* v. *Salemme*, 302 Mass. 188) were guilty of contributory negligence. Upon all the evidence the findings that the plaintiffs were intoxi-

cated at the time of the accident and that they neither saw nor heard the approach of the electric car until the instant before the collision occurred would not warrant a finding that they were guilty of contributory negligence. It is settled that, even though the plaintiffs were intoxicated at the time of the accident, they would not be precluded from recovery in these actions if that condition did not contribute to their injury. *Murphy* v. *Moore*, 314 Mass. 731, 734, and cases cited. And the auditor found that, although they were intoxicated and neither saw nor heard the approach of the electric car until the instant before the collision occurred, he was not satisfied that these facts showed that the plaintiffs failed to exercise proper care for their own safety, or that these facts were causally related to or contributed to the accident or that there was anything in the existing circumstances that they could have done to avert the accident. There is nothing in the evidence to show the degree or extent to which the plaintiffs were intoxicated. At the time of the accident there were no other vehicles in the vicinity except the automobile and electric car involved. The highways involved were about twenty-five feet wide. At the speed at which the automobile was approaching the intersection it is a reasonable inference that but a few seconds would intervene between the time of approach and that of the collision. There is nothing to show that the existing circumstances upon which the auditor based his finding that there was nothing that the plaintiffs could have done to avert the collision may not have been such that the plaintiffs were so situated as to have been obliged to trust in large part to the driver Jussaume, as was the situation in such cases as *Bullard* v. *Boston Elevated Railway*, 226 Mass. 262, 264, and *Elfman* v. *Kronenberg*, 299 Mass. 492, 494. See also *Ingalls* v. *Lexington & Boston Street Railway*, 205 Mass. 73, 76; *Slowik* v. *Union Street Railway*, 282 Mass. 249, 254; *Haberger* v. *Carver*, 297 Mass. 435, 440. There is nothing in the evidence to show any previous conduct of Jussaume during the journey that ought to have put the plaintiffs on guard. See *Stowe* v. *Mason*, 289 Mass. 577, 582.

Upon the findings of the auditor, which was the only evidence before him, the judge could not find properly that the plaintiffs were guilty of contributory negligence and order that judgment be entered in each case for the defendant, and therefore judgment must be entered in each case for the plaintiff in accordance with the terms of the report.

*So ordered.*