*Third District Court*

No. 3614

**EVELYN ALVES**

v.

**THEODORE T. PICARD**

*Welch, J.* This is an action of tort in which the plaintiff seeks to recover for *damages to her automobile* on or about June 25, 1951 because of the defendant's negligence. (Potter, J.)

The defendant's answer was a general denial, an allegation of contributory negligence, illegal registration, violation of law, and a demand that the plaintiff prove that the place was a public way.

*At the trial there was evidence tending to show that* on June 25, 1951 the plaintiff was driving her Buick sedan south on Bolton Street, a public way in New Bedford. The defendant was also driving his automobile south on Bolton Street two or three car lengths ahead of the plaintiff.

The plaintiff had followed the defendant for several blocks. When she had a clear view several hundred feet south on Bolton Street, with no other traffic coming toward her, she turned to her left, blew her

horn, and was in the act of passing the defendant who was then a short distance north of the entrance to the Gosnold Mill yard which was on the easterly side of the road. As the plaintiff's automobile was *passing*, the defendant's automobile without any signal or warning, *turned to its left* intending to make a left hand turn across the street and into the driveway to the mill yard.

The defendant's left front fender came in contact with the plaintiff's right front fender. At the time of contact the plaintiff pulled her car more to her left and both automobiles came to rest on the easterly side of the street at a point near the northerly line of the entrance to the mill yard, about parallel and at a slight angle to the left. The defendant had started to turn about two car lengths before he came opposite the northerly line of the entrance. The first the plaintiff knew of the collision was when she heard a scraping sound when she turned further to the left.

There was evidence that the defendant had seen the plaintiff following behind him between Rivet Street and Gosnold Street, a short distance from the point of collision. Rivet Street is the next street north of Gosnold Street which is on the west side of Bolton Street opposite the Beginning of the mill yard. The defendant looked in his mirror as he was about to turn and saw no automobile behind him. The plaintiff blew her horn before passing and had a clear view for several hundred feet. She had no knowledge that the defendant intended to turn left.

There was evidence that the damage to the plaintiff's automobile was $300 and there was evidence that repairs could be made for $87.50.

The defendant duly filed seven requests for rulings. These rulings and the action taken by the judge on each of them are as follows:

    1. The evidence warrants a finding for the defendant. (Granted)

    2. The evidence warrants a finding that the defendant

was in the exercise of due care. (Granted)

3. The evidence warrants a finding that the plaintiff was negligent. (Granted)

4. If the plaintiff was negligent and such negligence caused or contributed to the happening of this accident, then the plaintiff is barred from recovery. (Granted)

5. The evidence requires a finding that the plaintiff was guilty of the violations of G. L. (Ter. Ed.) c. 59, s. 4 in that she failed to keep to the right of the center of the travelled way when she failed to have an unobstructed view of less than two hundred yards. The violation of G. L. (Ter. Ed.) c. 89, s. 4, is evidence of the plaintiff's negligence. (First sentence denied. Violation of s. 4 of Chapter 89 is evidence of negligence.)

6. The evidence warrants a finding that the damages sustained by the plaintiff as a result of this accident are no more than $87.50. (Immaterial in the face of the findings)

7. The evidence requires a finding that the plaintiff violated s. 2 of G. L. c. 89 and is therefore barred from recovery. (Denied)

The judge's findings of fact and rulings are as follows:

"This is an action of tort begun by writ dated January 12, 1952, to recover damage to an automobile of the plaintiff.

The answer is a general denial and further sets up contributory negligence, illegal registration, violation of law, and a demand that the plaintiff prove that the place is a public way.

The plaintiff is a resident of Acushnet in said County and the defendant is a resident of New Bedford in said County. On or about the twenty-fifth day of June, 1950, the plaintiff was the owner of a 1950 Buick Sedan which she was driving on Bolton Street, a public way in said New Bedford, at about 11:45 a.m. It was a beautiful day and the plaintiff had her small son on the front seat with her. Bolton Street runs north and south and is five

or six car-widths wide. The Gosnold Manufacturing Corporation owns and operates a textile plant situated on the easterly side of said Bolton Street with an entrance thereto from the east side of said street. A short distance to the north of said entrance or driveway Gosnold Street, which runs east and west, intersects with Bolton Street on the west. Gosnold Street is about the width of four cars.

The plaintiff was driving south on Bolton Street and following the defendant who was also driving south in the same direction as the plaintiff two or three car-lengths ahead of the plaintiff. There were cars parked on both sides of Bolton Street. The speed of the car of the defendant was about ten miles an hour. The defendant intended to turn east or left into the Gosnold entrance. The plaintiff had tried to pass the defendant several times, and when a short distance from the Gosnold entrance she turned to her left intending to pass the defendant, and at about the same time the defendant, without giving any signal or warning, turned to his left or to the east, and came in contact with the plaintiff's car at a point near the north line of the entrance to the Gosnold plant. The left front fender of the car of the defendant came in contact with the right front fender of the plaintiff's car and both came to a standstill on the east side of the street about parallel and at a slight angle to the left. The first the plaintiff knew about the collision was when she heard a scraping sound when she turned further to the left. There were "No Parking" signs on the east side of Bolton Street ten or fifteen feet from the south side of the entrance to the mill.

On all of the evidence I find that while the defendant was negligent there was some negligence on the part of the plaintiff."

The issue is whether or not there was evidence that there was negligence on the part of the plaintiff which contributed in whole or in part to her damage.

The burden was on the defendant to establish con-

tributory negligence on the part of the plaintiff. G. L. (Ter. Ed.) c. 231, s. 85. Under that statute the plaintiff is presumed to have been in the exercise of due care. In such circumstances it becomes a question of law whether there is sufficient evidence to warrant a finding of contributory negligence. *Elfman v. Kronenberg*, 299 Mass. 492 @ 494.

There is nothing in the evidence which is disclosed by the report that shows negligence on the part of the plaintiff. On the contrary it shows that the plaintiff, when she had a clear view of several hundred feet south on Bolton Street, with no other traffic coming toward her, turned to her left, blew her horn and was in the act of passing the defendant when he turned left without giving any signal or warning.

The judge was not required to believe this evidence, however, even though it was not uncontradicted. *Lindenbaum v. N.Y., N.H. & H.R.R.*, 197 Mass. 314. 323.

Nor do the judge's findings of fact disclose negligence on the part of the plaintiff. He found that it was a clear day and that Bolton Street is five or six car-widths wide. The plaintiff was following the defendant a distance of two or three car lengths. Cars were parked on Both sides of Bolton Street and the defendant's car was proceeding at about ten miles an hour. The plaintiff had tried to pass the defendant several times and when a short distance from the mill yard entrance she turned to her left to pass the defendant and about the same time the defendant without giving any signal or warning turned to his left and the cars collided. There were "no parking" signs on the easterly side of Bolton Street ten or fifteen feet from the south side of the entrance to the mill.

We think that there is nothing in these findings of fact that shows negligence on the part of the plaintiff. The case is not one which presents any point

as to the effect of the statute above referred to where there is conflicting evidence.

Defendant's request No. 3 that the evidence warranted a finding that the plaintiff was negligent should have been denied.

*Judgment for the defendant is vacated. New trial on the question of damages only.*

J. B. Nunes, for the plaintiff.

L. E. Dorfman, for the defendant.